UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| 5500 ROWLETT LLC, et al.,[1] | § | CASE NO. 26-42390-elm11 |
| | § | |
| Debtors. | § | Jointly Administered |
| | § | |
| ------------------------------------------------ | § | ------------------------------------------------ |
| | § | |
| BANK OZK, | § | CONTESTED MATTER |
| | § | |
| Movant, | § | |
| | § | |
| vs. | § | |
| | § | |
| 5500 ROWLETT LLC AND SRRAF LLC, | § | |
| | § | |
| Respondents. | § | |

**PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 501 W. 10th ST., FORT WORTH, TX 76102-3643 BEFORE CLOSE OF BUSINESS ON AUGUST 31, 2026, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.**

<u>**MOTION OF BANK OZK FOR RELIEF FROM THE AUTOMATIC STAY**</u>

COMES NOW, BANK OZK ("BOZK"), and hereby moves this Court for relief from the

automatic stay under section 362(d) of the Bankruptcy Code (11 U.S.C. §§ 101-1532, the

---

[1] The Debtors in these proceedings (including their respective taxpayer identification numbers) are: 5500 Rowlett LLC (87-4410152); and SRRAF LLC (86-3021090). 5500 Rowlett LLC's address is 13151 Emily Road, Suite 200, Dallas, TX 75240; SRRAF LLC's address is 625 Sunningdale, Richardson, TX 75081.

1

"Bankruptcy Code"), or, in the alternative only, for entry of an order compelling adequate protection under certain security agreements. In support of this Motion, BOZK respectfully shows the Court as follows:

## Background

1.

5500 ROWLETT LLC ("5500 Rowlett") filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on May 31, 2026. SRRAF LLC ("SRRAF" and together with 5500 Rowlett, the "Debtors") filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on May 31, 2026. The cases are jointly administered by Order of this Court entered on June 3, 2026 [Dkt. 11].

2.

The Bankruptcy Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 361, 362 and 363.

3.

The Debtors are in possession of their properties and are operating and managing their businesses as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

## The Security Agreements

**Loan 0153**

4.

BOZK is the holder of a Promissory Note executed by SRRAF on or about May 27, 2021 in the original principal amount of $2,000,000.00 (as modified, amended and/or renewed from time to time, the "SRRAF Note"). A true and correct copy of SRRAF Note is attached hereto and incorporated herein by reference as Exhibit "1".

2

5.

To secure the indebtedness owed to BOZK pursuant to the SRRAF Note, SRRAF granted to BOZK a security interest in approximately 14.483 acres of real property located in Dallas County, Texas, less and except 1.856 acres released pursuant to that Partial Release of Lien dated December 13, 2022,  together with all buildings, structures and other improvements now or hereafter erected or placed on the real property, all goods, supplies, chattels, furniture, equipment and machinery, all materials, apparatus, appliances and other fixtures now or hereafter erected or placed upon the property and upon any improvements now or hereafter erected or placed on the property including without limitation the property described herein, all of which shall be deemed to be annexed to and forming a part of the real property hereby conveyed, together with all renewals, replacements, substitutions and additions of any such improvements and fixtures and together with all appurtenances, privileges, hereditaments, servitudes, rights, ways, easements, prescriptions, rents, income, profits and all other advantages of every kind and character belonging to, arising out of or incident to any part of the property, all accounts, all minerals, oil, gas, coal, other hydrocarbons and associated substances (collectively, the "SRRAF Real Property").  True and correct copies of the Deed of Trust, Security Agreement and Financing Statement, the Assignment of Rents and Leases and the Partial Release of Lien evidencing BOZK's security interest in the SRRAF Real Property are attached hereto and incorporated herein by reference as Exhibit "2".

6.

Pursuant to the terms of the SRRAF Note, SRRAF promised to pay to BOZK, among other things, monthly payments of interest only with all unpaid principal and interest being due on

3

December 9, 2025.  SRRAF granted to BOZK a security interest in the SRRAF Real Property to secure payment of this obligation.

7.

The SRRAF Note has fully matured.  As of the Petition Date, the total amount outstanding under SRRAF Note including principal, accrued interest and late charges, but excluding attorneys' fees and other costs and charges that BOZK is entitled to recover under the SRRAF Note, was $1,849,769.46.

**Loan 0761**

8.

BOZK is the holder of a Promissory Note executed by 5500 Rowlett on or about March 7, 2022 in the original principal amount of $727,683.00 (as modified, amended and/or renewed from time to time, "5500 Rowlett Note 1").  A true and correct copy of 5500 Rowlett Note 1 is attached hereto and incorporated herein by reference as Exhibit "3".

9.

To secure the indebtedness owed to BOZK pursuant to 5500 Rowlett Note 1, 5500 Rowlett granted to BOZK a security interest in approximately 7.289 acres located in Dallas County, Texas together with all buildings, structures and other improvements now or hereafter erected or placed on the real property, all goods, supplies, chattels, furniture, equipment and machinery, all materials, apparatus, appliances and other fixtures now or hereafter erected or placed upon the property and upon any improvements now or hereafter erected or placed on the property including without limitation the property described herein, all of which shall be deemed to be annexed to and forming a part of the real property hereby conveyed, together with all renewals, replacements, substitutions and additions of any such improvements and fixtures and together with all

4

appurtenances, privileges, hereditaments, servitudes, rights, ways, easements, prescriptions, rents, income, profits and all other advantages of every kind and character belonging to, arising out of or incident to any part of the property, all accounts, all minerals, oil, gas, coal, other hydrocarbons and associated substances (collectively, the "5500 Rowlett Note 1 Real Property").  True and correct copies of the Deed of Trust, Security Agreement and Financing Statement and Assignment of Leases and Rents evidencing BOZK's security interest are attached hereto and incorporated herein by reference as Exhibit "4".

10.

Pursuant to the terms of 5500 Rowlett Note 1, 5500 Rowlett promised to pay to BOZK monthly payments of interest only with all unpaid principal and interest being due on October 5, 2025.  5500 Rowlett granted to BOZK a security interest in the 5500 Rowlett Note 1 Real Property to secure payment of this obligation.

11.

The 5500 Rowlett Note 1 has fully matured.  As of the Petition Date, the total amount outstanding under 5500 Rowlett Note 1 including principal, accrued interest and late charges, but excluding attorneys' fees and other costs and charges that BOZK is entitled to recover under 5500 Rowlett Note 1, was $780,377.67.

**Loan 1041**

12.

BOZK is the holder of a Promissory Note executed by 5500 Rowlett on or about April 29, 2022 in the original principal amount of $1,508,570.00 (as modified, amended and/or renewed from time to time, "5500 Rowlett Note 2" and together with 5500 Rowlett Note 1, the "5500 Rowlett Notes").  A true and correct copy of 5500 Rowlett Note 2 is attached hereto and incorporated herein by reference as Exhibit "5".

5

13.

To secure the indebtedness owed to BOZK pursuant to 5500 Rowlett Note 2, 5500 Rowlett granted to BOZK a security interest in 13.314 acres of land located in Dallas County, Texas together with all buildings, structures and other improvements now or hereafter erected or placed on the real property, all goods, supplies, chattels, furniture, equipment and machinery, all materials, apparatus, appliances and other fixtures now or hereafter erected or placed upon the property and upon any improvements now or hereafter erected or placed on the property including without limitation the property described herein, all of which shall be deemed to be annexed to and forming a part of the real property hereby conveyed, together with all renewals, replacements, substitutions and additions of any such improvements and fixtures and together with all appurtenances, privileges, hereditaments, servitudes, rights, ways, easements, prescriptions, rents, income, profits and all other advantages of every kind and character belonging to, arising out of or incident to any part of the property, all accounts, all minerals, oil, gas, coal, other hydrocarbons and associated substances (collectively, the "5500 Rowlett Note 2 Real Property" and together with the 5500 Rowlett Note 1 Real Property and the SRRAF Real Property, the "Collateral").  True and correct copies of the Deed of Trust, Security Agreement and Financing Statement and Assignment of Leases and Rents evidencing BOZK's security interest are attached hereto and incorporated herein by reference as Exhibit "6".

14.

Pursuant to the terms of 5500 Rowlett Note 2, 5500 Rowlett promised to pay to BOZK monthly payments of interest only with all unpaid principal and interest being due on October 27, 2025.  5500 Rowlett granted to BOZK a security interest in the 5500 Rowlett Note 2 Real Property to secure payment of this obligation.

15.

The 5500 Rowlett Note 2 has fully matured.  As of the Petition Date, the total amount outstanding under 5500 Rowlett Note 2 including principal, accrued interest and late charges, but excluding attorneys' fees and other costs and charges that BOZK is entitled to recover under 5500 Rowlett Note 2, was $1,658,569.08.

16.

The 5500 Rowlett Notes are cross-collateralized with all other obligations owed to BOZK by 5500 Rowlett pursuant to the terms of the underlying loan documents.

**Relief Requested**

17.

Pursuant to 11 U.S.C. § 362(d)(1), this Court may, upon request of a party in interest, grant relief from the automatic stay "for cause".  This Court may also grant relief with respect to an act against property if the debtor does not have equity in such property and such property is not necessary to an effective reorganization.  *See* 11 U.S.C. § 362(d)(2).  Pursuant to section 362(d)(4), this Court may also grant a creditor *in rem* relief from stay against acts affecting real property if the Court finds that the debtor's filing of its bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved either multiple bankruptcy filings affecting that real property **or** "the transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval."  11 U.S.C. § 362(d)(4) (emphasis added).  While the movant bears the burden of proof on the issue of equity, the debtor bears the burden of proof of all other issues.  *United Sav. Ass'n v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 375-76 (1988). To meet its burden, the debtor must demonstrate by a preponderance of the evidence that there is a reasonable possibility of a successful reorganization within a reasonable period of time.  *Id.*  The lack of any realistic prospect of effective reorganization requires the issuance of relief pursuant to Section

362(d)(2).  *Id.*; see also *In re Anderson Oaks (Phase I) Ltd. Partnership*, 77 B.R. 108 (Bankr. W.D. Tex. 1987).

18.

The Fifth Circuit has also interpreted "for cause" to include a lack of good faith.  "Litigation concerning good faith . . . has arisen under § 362(d) of the Bankruptcy Code, 11 U.S.C. § 362(d)(1), governing relief from the automatic stay.  [This provision] allow[s] relief to be granted 'for cause', a term not defined in the statute so as to afford flexibility to the bankruptcy courts.  Numerous cases have found a lack of good faith to constitute 'cause' for lifting the stay to permit foreclosure or for dismissing the case".  *In re Little Creek Dev. Co.*, 779 F.2d 1068, 1072 (5th Cir. 1986).

19.

It is not sufficient that the Collateral be necessary for a "possible" reorganization, it must be necessary for an "effective" reorganization.  *United Sav. Ass'n*, 484 U.S. at 376. This means there must be a "reasonable possibility of a successful reorganization in a reasonable time."  *Id.*  The Debtors have no reasonable likelihood of reorganization.  The Debtors' lack of income and growing costs are threatening BOZK's security interests in the Collateral.  BOZK is entitled to relief from the automatic stay to permit a foreclosure of the Collateral.

20.

Courts in the Fifth Circuit have found that "cause" can include "any reason cognizable to the equity power and conscience of the court as constituting an abuse of the bankruptcy process." *In re Northbelt, LLC*, 630 B.R. 228, 284 (Bankr. S.D. Tex. 2020) (citing *Matter of Little Creek Dev. Co.*, 779 F.2d 1068, 1072 (5th Cir. 1986)).

8

21.

A court evaluates the debtor's financial condition, motives, and other factors to determine if the debtor has abused the bankruptcy process. *See Matter of Little Creek Dev. Co.*, 779 F.2d at 1072.

22.

The Fifth Circuit has found that a debtor may have acted in bad faith and abused the bankruptcy process when the following non-exhaustive factors are present: (1) the debtor has one asset or project which secured creditors' liens encumber; (2) there are few to no employees outside of the debtor's principals; (3) there is little to no cash flow; (4) there is no source of income to sustain a plan of reorganization or make adequate protection payments; (5) there are typically few to no unsecured creditors; and (6) the property has been posted for foreclosure and the debtor has been unsuccessful in defending against foreclosure in state court. *See In re JCP Props., Ltd.*, 540 B.R. 596, 614 (Bankr. S.D. Tex. 2015) (citing *Matter of Little Creek Dev. Co.*, 779 F.2d at 1072-73).

23.

Here, the Debtors' filing constitutes a bad faith filing. With respect to 5500 Rowlett, the schedules represent that 5500 Rowlett's real property consists of small parcels of undeveloped land which constitute a single land development project, and that BOZK and other secured creditors hold significant liens on this property totaling over $5,075,897.84. Doc. No. 1 at 15–22. With respect to SRRAF, the schedules represent that SRRAF is a single asset real estate debtor that holds only one asset and that BOZK and the other secured creditor hold significant liens on this property totaling over $1,700,000.00.

24.

The Debtors' schedules and monthly operating report reveal that the Debtors have no employees, no income, and no cash flow. *See generally* Doc. Nos. 1, 15, 21. The Debtors' filings

were also on the eve of the scheduled foreclosure sale of the Collateral.  In fact, the Debtors'

representative even admitted during the Debtor's 341 meeting that the purpose behind the Debtors'

bankruptcy cases was to buy Debtors time to avoid BOZK's foreclosure sale.  This case is thus the

classic two-party dispute to which courts have pointed as demonstrating a bad faith bankruptcy

filing.  *See In re Traxcell Techs., LLC*, 657 B.R. 453, 461-62 (Bankr. W.D. Tex. 2024).

25.

The Debtors cannot satisfy their burden of demonstrating that continued use of the

Collateral is necessary for an effective reorganization as required by *United Savings Association*

*of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365.  The precipitous filing of

these Chapter 11 cases two days before the scheduled foreclosure sales of the Collateral

demonstrates the Debtors' instability and lack of capacity to timely propose a feasible plan of

reorganization.  BOZK is entitled to relief from the automatic stay as to the Notes and the Collateral

under the provisions of section 362(d)(2) of the Bankruptcy Code.

26.

Pursuant to section 362(d)(4), a court may also grant a creditor *in rem* relief from stay

against acts affecting real property if the Court finds that the debtor's filing of its bankruptcy

petition was part of a scheme to delay, hinder, or defraud creditors that involved either multiple

bankruptcy filings affecting that real property **or** "the transfer of all or part ownership of, or other

interest in, such real property without the consent of the secured creditor or court approval."  11

U.S.C. § 362(d)(4) (emphasis added).  Courts in the Fifth Circuit have defined a "scheme" as a

"plan or program of action."  *In re JCP Props., Ltd.*, 540 B.R. 596, 619 (Bankr. S.D. Tex. 2015)

(quoting *In re Young*, No. 06-80534, 2007 WL 128280, at *9 (Bankr. S.D. Tex. Jan. 10, 2007)).

The court must find that the debtor filed its bankruptcy case with the "specific forward purpose of

delaying, hindering, or defrauding a creditor through the protections of bankruptcy law."  *In re*

10

*JCP Props., Ltd.*, 540 B.R. at 620.

27.

Here, 5500 Rowlett transferred interests in 5500 Rowlett Note 1 Real Property and 5500 Rowlett Note 2 Real Property by allowing junior lienholders, including KSSA Properties Series, LLC, Asturant Circle, LLC, and the City of Rowlett, to obtain liens on 5500 Rowlett Note 1 Real Property and 5500 Rowlett Note 2 Real Property when the respective Deeds of Trust specifically disallowed such transfers without BOZK's prior written consent. *See* Exs. 4 and 6. Indeed, during the 341 meeting, Debtor testified that he voluntarily granted Asturant Circle, LLC and KSSA Properties Series, LLC liens on 5500 Rowlett Note 1 Real Property and 5500 Rowlett Note 2 Real Property and that he did not seek permission from BOZK before granting the liens or even notify BOZK after the liens were placed on the Property. Further, SRRAF transferred interests in SRRAF Real Property by allowing Dallas County to obtain a lien thereon based on unpaid property taxes when the applicable Deed of Trust specifically disallowed such transfers. *See* Ex. 2.

28.

The Debtors' filing also constitutes an intentional scheme to delay, hinder, or defraud BOZK, because the Debtors' representative specifically expressed that Debtors filed their petitions to stop BOZK's planned foreclosure sale of the Collateral. *See In re Machado*, No. 21-51329-MMP, 2022 WL 257396, at *7–8 (Bankr. W.D. Tex. Jan. 27, 2022) (finding that a debtor's filing constituted a scheme to delay or hinder a lender's ability to foreclose on real property, in part, because the debtor's representative testified that the debtor filed its petition to stop the upcoming foreclosure sale).

29.

BOZK is entitled to relief from the automatic stay with respect to the Collateral because the Debtors acted in bad faith, the Collateral is not necessary for an effective reorganization, and because

11

Debtors transferred interest in the Collateral without the consent of BOZK.  The Collateral is burdensome to the estate and of inconsequential value and the 14-day requirement pursuant to F.R.B.P. 4001(a)(4) should be waived.

30.

Debtors have failed to remit payments to BOZK and the Notes are in default.  The automatic stay should be terminated for cause.

31.

The automatic stay should be lifted to permit BOZK to exercise its rights pursuant to relevant State law and the Notes as to the Collateral, including, but not limited to, taking any and all steps necessary to proceed with foreclosure of its liens on the Collateral.

**Prayer**

WHEREFORE, BOZK prays that this Court enter an Order:

(a)    granting BOZK relief from the automatic stay pursuant to Sections 362(d)(1) and/or (d)(2) and/or (d)(4) of the Bankruptcy Code in order to terminate the Notes and recover and dispose of the Collateral; and

(b)    granting such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 11th day of August, 2026.

/s/ Jasmine Singh
Jasmine Singh
Texas Bar No. 24132680
**ADAMS & REESE, LLP**
1221 McKinney St., Ste. 4400
Houston, TX 77010
Ph: 713-308-0148
E: jasmine.singh@arlaw.com

*Counsel for Bank OZK*

12

## CERTIFICATE OF COMPLIANCE WITH N.D. TEX. L.B.R. 9014-1(d)(1)

The undersigned hereby certifies that the undersigned conferred with Debtors' counsel regarding the relief sought herein and that Debtors' counsel advised that he is opposed to the relief sought; and that all exhibits (except for those used solely for impeachment), lists of witnesses, and appraisals (if applicable) will be exchanged at least two (2) days in advance of any hearing date in compliance with N.D. Tex. L.B.R. 9014-1(d)(1).

*/s/ Jasmine Singh*
Jasmine Singh

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served on the following parties by CM/ECF:

Robert Demarco
12770 Coit Road, Suite 850
Dallas, TX 75251
972-991-5591
Email: robert@demarcomitchell.com
**Attorney for Debtors**

United States Trustee
1100 Commerce Street
Room 976
Dallas, TX 75202
214-767-8967

All other parties and/or their counsel who have entered an appearance herein

This, the 11th day of August, 2026.

*/s/ Jasmine Singh*
Jasmine Singh