**DeMarco●Mitchell, PLLC**
Robert T. DeMarco
Michael S. Mitchell
1270 Coit Road, Suite 850
Dallas, TX 75251
**T** 972-991-5591
**F** 972-346-6791

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **IN RE:** | **Case No.: 26-42390** |
| **5500 Rowlett LLC, et al.,** | **Chapter: 11**<br>**(Jointly Administered)** |
| **Debtors[1].** | |

**RESPONSE OF 5500 ROWLETT LLC AND SRRAF LLC TO MOTION OF BANK OZK FOR RELIEF FROM THE AUTOMATIC STAY**
**[RELATES TO DOCKET NO. 47]**

**TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:**

**COMES NOW, 5500 Rowlett LLC and SRRAF LLC**, two of the debtors and debtors in possession in the above-captioned jointly administered cases ("**Debtors**"), and file this *Response of 5500 Rowlett LLC and SRRAF LLC to Motion of Bank OZK for Relief from the Automatic Stay* (the "**Response**") and would respectfully show the Court as follows:

1. Debtors assert the bold-faced notice appearing at the beginning of the Motion is the negative notice language required by Local Bankruptcy Rule 4001-1(b), to which no response is required.

2. Debtors assert the unnumbered introductory paragraph of the Motion is introductory in nature, to which no response is required.

3. Debtors admit the allegations contained in Paragraph 1 of the Motion.

[1] The Debtors in these proceedings (including their respective taxpayer identification numbers) are: 5500 Rowlett LLC (87-4410152); SRRAF LLC (86-3021090); and 108 Gilbert Villas LLC (99-2090154). 5500 Rowlett LLC's address is 13151 Emily Road, Suite 200, Dallas, TX 75240; SRRAF LLC's address is 625 Sunningdale, Richardson, TX 75081; 108 Gilbert Villas LLC's address is 13151 Emily Road, Suite 200, Dallas, TX 75240. As regards 108 Gilbert Villas LLC, this includes the involuntary petition filed in the Northern District of Texas (Case No. 26-32911-SWE) and the voluntary petition filed in the Northern District of Texas, Fort Worth Division (Case No. 26-42901-MLM).

4. Debtors assert Paragraph 2 of the Motion sets forth legal conclusions regarding jurisdiction to which no response is required and, on that basis, deny the allegations contained therein. In further response, Debtors do not contest this Court's jurisdiction over this matter.

5. Debtors admit the allegations contained in Paragraph 3 of the Motion.

6. Debtors admit the allegations contained in Paragraph 4 of the Motion. In further response, Debtors state that the SRRAF Note speaks for itself and deny any characterization of that instrument inconsistent with its terms.

7. Debtors admit that SRRAF granted BOZK a lien against the SRRAF Real Property. Debtors further state that the Deed of Trust, Security Agreement and Financing Statement, the Assignment of Rents and Leases, and the Partial Release of Lien speak for themselves, and deny any characterization of those instruments inconsistent with their terms. Debtors deny the remaining allegations contained in Paragraph 5 of the Motion.

8. Debtors admit the allegations contained in Paragraph 6 of the Motion.

9. Debtors admit that the SRRAF Note has matured. Debtors acknowledge that a sum is due and owing to BOZK under the SRRAF Note but do not agree to the dollar amount alleged and, on that basis, deny all remaining allegations contained in Paragraph 7 of the Motion.

10. Debtors admit the allegations contained in Paragraph 8 of the Motion. In further response, Debtors state that 5500 Rowlett Note 1 speaks for itself and deny any characterization of that instrument inconsistent with its terms.

11. Debtors admit that 5500 Rowlett granted BOZK a lien against the 5500 Rowlett Note 1 Real Property. Debtors further state that the Deed of Trust, Security Agreement and

Financing Statement and the Assignment of Leases and Rents speak for themselves, and deny any characterization of those instruments inconsistent with their terms. Debtors deny the remaining allegations contained in Paragraph 9 of the Motion.

12. Debtors admit the allegations contained in Paragraph 10 of the Motion.

13. Debtors admit that 5500 Rowlett Note 1 has matured. Debtors acknowledge that a sum is due and owing to BOZK under 5500 Rowlett Note 1 but do not agree to the dollar amount alleged and, on that basis, deny all remaining allegations contained in Paragraph 11 of the Motion.

14. Debtors admit the allegations contained in Paragraph 12 of the Motion. In further response, Debtors state that 5500 Rowlett Note 2 speaks for itself and deny any characterization of that instrument inconsistent with its terms.

15. Debtors admit that 5500 Rowlett granted BOZK a lien against the 5500 Rowlett Note 2 Real Property. Debtors further state that the Deed of Trust, Security Agreement and Financing Statement and the Assignment of Leases and Rents speak for themselves, and deny any characterization of those instruments inconsistent with their terms. Debtors deny the remaining allegations contained in Paragraph 13 of the Motion.

16. Debtors admit the allegations contained in Paragraph 14 of the Motion.

17. Debtors admit that 5500 Rowlett Note 2 has matured. Debtors acknowledge that a sum is due and owing to BOZK under 5500 Rowlett Note 2 but do not agree to the dollar amount alleged and, on that basis, deny all remaining allegations contained in Paragraph 15 of the Motion.

18. Debtors state that the loan documents referenced in Paragraph 16 of the Motion speak for themselves and, to the extent the allegations contained therein are inconsistent with those documents, deny the same.

19. Debtors assert Paragraph 17 of the Motion constitutes legal argument and a recitation of statutory authority and case law to which no response is required and, on that basis, deny the allegations contained therein.

20. Debtors assert Paragraph 18 of the Motion constitutes legal argument to which no response is required and, on that basis, deny the allegations contained therein.

21. Debtors assert the first three sentences of Paragraph 19 of the Motion constitute legal argument to which no response is required and, on that basis, deny the same. Debtors deny the remaining allegations contained in Paragraph 19 of the Motion, and specifically deny that they have no reasonable likelihood of reorganization, that BOZK's security interests are threatened, and that BOZK is entitled to relief from the automatic stay.

22. Debtors assert Paragraph 20 of the Motion constitutes legal argument to which no response is required and, on that basis, deny the allegations contained therein.

23. Debtors assert Paragraph 21 of the Motion constitutes legal argument to which no response is required and, on that basis, deny the allegations contained therein.

24. Debtors assert Paragraph 22 of the Motion constitutes legal argument to which no response is required and, on that basis, deny the allegations contained therein.

25. Debtors deny the allegations contained in Paragraph 23 of the Motion and specifically deny that these cases were filed in bad faith. In further response, Debtors state that

their Schedules speak for themselves and deny any characterization of the Schedules inconsistent with their terms.

26. Debtors admit that they have no employees. Debtors deny the remaining allegations contained in Paragraph 24 of the Motion. Debtors specifically deny BOZK's characterization of testimony given at the meeting of creditors held under 11 U.S.C. § 341(a), state that the record of that meeting speaks for itself, and specifically deny that these cases present a two-party dispute.

27. Debtors deny the allegations contained in Paragraph 25 of the Motion and specifically deny that they cannot satisfy their burden under *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365 (1988).

28. Debtors assert Paragraph 26 of the Motion constitutes legal argument and a recitation of statutory authority and case law to which no response is required and, on that basis, deny the allegations contained therein.

29. Debtors deny the allegations contained in Paragraph 27 of the Motion. In further response, Debtors state that the deeds of trust referenced therein speak for themselves; that the ad valorem tax lien held by Dallas County arises by operation of law under Chapter 32 of the Texas Tax Code and is not a transfer made by SRRAF; and that no lien referenced in Paragraph 27 was granted or created as part of any scheme to delay, hinder, or defraud BOZK or any other creditor.

30. Debtors deny the allegations contained in Paragraph 28 of the Motion and specifically deny that the filing of these cases constituted a scheme to delay, hinder, or defraud BOZK.

31. Debtors deny the allegations contained in Paragraph 29 of the Motion, and specifically deny that they acted in bad faith, that the Collateral is not necessary to an effective reorganization, that they transferred any interest in the Collateral without BOZK's consent, that the Collateral is burdensome to the estates, and that the Collateral is of inconsequential value. Debtors further oppose the requested waiver of the fourteen-day stay imposed by Fed. R. Bankr. P. 4001(a)(4).

32. Debtors admit that the Notes have matured and that payments have not been remitted to BOZK since maturity. Debtors deny the remaining allegations contained in Paragraph 30 of the Motion and specifically deny that the automatic stay should be terminated for cause.

33. Debtors assert Paragraph 31 of the Motion constitutes a prayer for relief to which no response is required and, on that basis, deny the allegations contained therein.

34. Debtors assert the Prayer of the Motion, including subparagraphs (a) and (b), constitutes a prayer for relief to which no response is required and, on that basis, deny the allegations contained therein.

**BOZK Cannot Establish That the Debtors Lack Equity in the Collateral**

35. Relief under 11 U.S.C. § 362(d)(2) requires both that the debtor lack equity in the property and that the property not be necessary to an effective reorganization. The elements are conjunctive, and BOZK bears the burden of proof on the question of equity. 11 U.S.C. § 362(g)(1); *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 375-76 (1988).

36. BOZK has offered no evidence of the value of any of the Collateral. The Motion recites the balance owed under each of the three Notes, but it does not plead the value of the

SRRAF Real Property, the 5500 Rowlett Note 1 Real Property, or the 5500 Rowlett Note 2 Real Property. No appraisal is attached. No broker opinion of value is attached. No tax-roll figure is offered.

37. Instead, BOZK asks the Court to infer the absence of equity from the fact that the Schedules list secured claims in significant amounts. That is not evidence of value, and it is not proof that the Debtors lack equity. A lien total says nothing about what the encumbered land is worth.

38. The Collateral consists of approximately 12.627 acres securing the SRRAF Note, approximately 7.289 acres securing 5500 Rowlett Note 1, and approximately 13.314 acres securing 5500 Rowlett Note 2 — in the aggregate, roughly thirty-three acres of development land in Dallas County. Debtors will present evidence of the fair market value of that land, and of the equity they hold in it, at the hearing on the Motion.

39. Because BOZK has not carried its burden under § 362(d)(2)(A), relief under § 362(d)(2) must be denied without regard to the second element.

**<u>The Collateral Is Necessary to an Effective Reorganization</u>**

40. The Collateral is not merely necessary to an effective reorganization of these Debtors — it is the entirety of what these estates hold. 5500 Rowlett and SRRAF are single-purpose real estate entities. If the stay is lifted and the Collateral is foreclosed, these cases end.

41. *Timbers* requires a reasonable possibility of a successful reorganization within a reasonable time. 484 U.S. at 376. That standard is applied against the posture of the case. These cases were commenced on May 31, 2026. The deadline for filing proofs of claim is September 28,

2026, and has not passed. The Debtors' cases were consolidated for administrative purposes with the affiliated case of 108 Gilbert Villas LLC by Order entered July 24, 2026, and the shape of a joint plan for the enterprise is still being developed.

42. Debtors intend to file a plan providing for the development, marketing, and sale of the Collateral, with the net proceeds of each closing applied to BOZK's secured claim in accordance with its lien priority. BOZK does not contend that the land cannot be sold or developed. It contends that a plan has not yet been filed. *Timbers* does not require a debtor to prove its plan before the deadline to file one has arrived.

**<u>BOZK Is Adequately Protected</u>**

43. Debtors do not offer periodic cash adequate protection payments in response to the Motion. Adequate protection under 11 U.S.C. § 361 requires only that a secured creditor's interest in its collateral be protected against a decrease in value. It does not entitle an undersecured creditor to compensation for delay, and it does not require cash where the creditor's interest is otherwise protected.

44. BOZK is adequately protected by the value of the Collateral. Debtors contend, and will establish at the hearing, that the fair market value of the Collateral exceeds the indebtedness owed to BOZK. An equity cushion is itself adequate protection.

45. BOZK is further protected by the nature of its collateral. The Collateral is undeveloped and partially developed real property. It is not equipment or inventory. It is not being consumed, depreciated, or removed from the estates. BOZK's lien position is unimpaired, and the Debtors have granted no lien against the Collateral since the Petition Date.

46. To the extent the Court concludes that additional adequate protection is warranted, the appropriate remedy is to condition the stay on that protection following a hearing on its form and amount, not to terminate the stay and end these cases.

**These Cases Were Not Filed in Bad Faith**

47. BOZK argues that the Debtors filed in bad faith under *In re Little Creek Development Co.*, 779 F.2d 1068 (5th Cir. 1986), and *In re JCP Properties, Ltd.*, 540 B.R. 596 (Bankr. S.D. Tex. 2015). Those cases identify non-exhaustive factors; they do not establish a checklist, and the presence of some factors common to every single-asset real estate case does not establish bad faith.

48. These are not two-party disputes. The Schedules identify multiple secured creditors holding liens against the Debtors' property — including K.S.S.A. Properties Series LLC, Asturant Circle, LLC, and the City of Rowlett. K.S.S.A. Properties Series LLC and Asturant Circle, LLC have each appeared in these cases, as have Dallas County, Garland Independent School District, and Irving Independent School District. These cases are also jointly administered with the affiliated case of 108 Gilbert Villas LLC, an operating residential development enterprise. A restructuring of that enterprise requires a forum in which all of these interests can be addressed at once. That is precisely what Chapter 11 is for.

49. That the Debtors filed on the eve of a foreclosure sale is not evidence of bad faith. Congress enacted the automatic stay to halt collection activity, and a debtor who files to preserve its principal asset from foreclosure is using the Bankruptcy Code for its intended purpose. If filing before a scheduled foreclosure were itself bad faith, § 362(a) would have little work to do.

50. The Debtors have complied with their obligations in these cases. They have filed Schedules and Statements, appeared and testified at the meeting of creditors, filed monthly operating reports for May and June 2026, and obtained the entry of orders on joint administration and the employment of counsel. None of that is the conduct of a debtor abusing the process.

**<u>No Basis Exists for In Rem Relief Under Section 362(d)(4)</u>**

51. Section 362(d)(4) permits in rem relief only where the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either (i) the transfer of all or part ownership of, or other interest in, the real property without the consent of the secured creditor or court approval, or (ii) multiple bankruptcy filings affecting the real property. The Court must find a scheme — a deliberate plan or program of action undertaken with the specific forward purpose of delaying, hindering, or defrauding a creditor.

52. There is no scheme here, and BOZK has pled none. Neither 5500 Rowlett nor SRRAF has filed a prior bankruptcy case. There has been no serial filing, no transfer of the Collateral to a newly formed entity, and no fractional conveyance of the kind § 362(d)(4) was enacted to reach.

53. What BOZK actually alleges is that the Debtors granted junior liens to other lenders and that Dallas County obtained a tax lien. Those allegations do not establish a scheme. The junior liens were granted openly, disclosed in the Debtors' Schedules, and held by creditors who have appeared in these cases. Whether the granting of those liens breached a covenant in

BOZK's deeds of trust is a question of contract, and a covenant breach is not a scheme to delay, hinder, or defraud.

54. The ad valorem tax lien held by Dallas County is not a transfer by SRRAF at all. That lien attaches by operation of law on January 1 of each tax year under Chapter 32 of the Texas Tax Code. SRRAF took no act to create it and could not have prevented it from arising. A lien that the law imposes automatically cannot be the "transfer" that § 362(d)(4)(B) requires.

55. Relief under § 362(d)(4) — which would bind the Collateral for two years regardless of any future filing — is an extraordinary remedy. It is not available on this record.

**Reservation of Rights**

56. This Response is filed at the preliminary stage of this contested matter. Debtors request that a final hearing be scheduled in accordance with 11 U.S.C. § 362(e), and reserve the right to present evidence of value, feasibility, good faith, and adequate protection at that hearing, to supplement this Response, and to assert any additional defenses that discovery may reveal.

57. Debtors further oppose the requested waiver of the fourteen-day stay imposed by Fed. R. Bankr. P. 4001(a)(4). BOZK has articulated no emergency that would justify dispensing with the period the Rule affords.

**WHEREFORE**, the Debtors respectfully request that the Court deny the relief requested in the Motion in its entirety, deny the requested waiver of the fourteen-day stay imposed by Fed. R. Bankr. P. 4001(a)(4), set this contested matter for a final hearing under 11 U.S.C. § 362(e), and grant the Debtors such other and further relief as this Court might deem just and proper.

Respectfully submitted,

Dated: **August 20, 2026**

*/s/ Robert T. DeMarco*
**DeMarco●Mitchell, PLLC**
Robert T. DeMarco, Texas Bar No. 24014543
**Email** robert@demarcomitchell.com
1270 Coit Road, Suite 850
Dallas, TX 75251
**T** 972-991-5591
**F** 972-346-6791
**Counsel for 5500 Rowlett LLC and SRRAF LLC, Debtors and Debtors in Possession**

**CERTIFICATE OF SERVICE**

The undersigned counsel herby certifies that true and correct copies of the foregoing pleading and all attachments were served upon all parties listed below in accordance with applicable rules of bankruptcy procedure on this **20th day of August 2026**. Where possible, service was made electronically via the Court's ECF noticing system or via facsimile transmission where a facsimile number is set forth below. Where such electronic service was not possible, service was made via regular first-class mail.

**DEBTORS**

5500 Rowlett LLC
13151 Emily Road, Suite 200
Dallas, TX 75240

SRRAF LLC
625 Sunningdale
Richardson, TX 75081

108 Gilbert Villas LLC
13151 Emily Road, Suite 200
Dallas, TX 75240

**TRUSTEES**

Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, TX 75202

**MOVANT**

Bank OZK
c/o Jasmine Singh
Adams & Reese, LLP
1221 McKinney St., Ste. 4400

Bank OZK
c/o Scott R. Cheatham
Adams & Reese, LLP
1221 McKinney St., Ste. 4400

Houston, TX 77010 Houston, TX 77010

*/s/ Robert T. DeMarco*

**DeMarco●Mitchell, PLLC**
Robert T. DeMarco, Texas Bar No. 24014543
**Email** robert@demarcomitchell.com
Michael S. Mitchell, Texas Bar No. 00788065
**Email** mike@demarcomitchell.com
1270 Coit Road, Suite 850
Dallas, TX 75251
**T** 972-991-5591
**F** 972-346-6791

**DeMarco•Mitchell, PLLC**
Robert T. DeMarco
Michael S. Mitchell
1270 Coit Road, Suite 850
Dallas, TX 75251
**T** 972-991-5591
**F** 972-346-6791

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **IN RE:** | **Case No.: 26-42390** |
| **5500 Rowlett LLC, et al.,** | **Chapter: 11** **(Jointly Administered)** |
| **Debtors[1].** | |

**DECLARATION OF MD TAUHID CHAUDHURY ON BEHALF OF 5500 ROWLETT LLC AND SRRAF LLC IN OPPOSITION TO THE MOTION OF BANK OZK FOR RELIEF FROM THE AUTOMATIC STAY**
**[RELATES TO DOCKET NO. 47]**

**I, Md Tauhid Chaudhury,** declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Manager of 5500 Rowlett LLC and of SRRAF LLC, two of the debtors and debtors in possession in the above-captioned jointly administered cases (together, the "Debtors"). I am over the age of eighteen years, of sound mind, and fully competent to make this Declaration. I am authorized to make this Declaration on the Debtors' behalf.

2. The facts set forth in this Declaration are within my personal knowledge. I have that knowledge through my management of the Debtors and their business, my participation in the transactions described below, and my review of the Debtors' books, records, and bankruptcy filings. Each fact stated is true and correct.

[1] The Debtors in these proceedings (including their respective taxpayer identification numbers) are: 5500 Rowlett LLC (87-4410152); SRRAF LLC (86-3021090); and 108 Gilbert Villas LLC (99-2090154). 5500 Rowlett LLC's address is 13151 Emily Road, Suite 200, Dallas, TX 75240; SRRAF LLC's address is 625 Sunningdale, Richardson, TX 75081; 108 Gilbert Villas LLC's address is 13151 Emily Road, Suite 200, Dallas, TX 75240. As regards 108 Gilbert Villas LLC, this includes the involuntary petition filed in the Northern District of Texas (Case No. 26-32911-SWE) and the voluntary petition filed in the Northern District of Texas, Fort Worth Division (Case No. 26-42901-MLM).

3. I signed the Debtors' petitions, Schedules, and Statements of Financial Affairs in these cases, and I am familiar with their contents. I appeared and testified at the meeting of creditors held under 11 U.S.C. § 341(a).

4. I make this Declaration in opposition to the Motion of Bank OZK for Relief from the Automatic Stay filed on August 11, 2026 at Docket No. 47 (the "Motion"), and in support of the Debtors' Response to that Motion.

**Capacity and the Debtors' Business**

5. 5500 Rowlett LLC and SRRAF LLC are Texas limited liability companies. Each is a single-purpose real estate entity that holds land for development and sale. Neither leases property or operates a business that generates recurring monthly income.

6. 5500 Rowlett LLC owns a 13.31-acre development tract located at 3701 and 3705 Big A Road and 5606 Rowlett, Richardson, Texas 75080; approximately 7.289 acres of development land located at 5500 Rowlett Road, Rowlett, Texas 75089; and three parcels on Big A Road located at 3801 Big A Road, 3709 Big A Road, and 4115 Big A Road, Rowlett, Texas 75089.

7. SRRAF LLC owns approximately 12.627 acres of real property in Dallas County, Texas, being the approximately 14.483 acres described in Bank OZK's deed of trust less the approximately 1.856 acres released by Bank OZK under the Partial Release of Lien dated December 13, 2022.

8. Bank OZK holds liens against that property under three notes. The Motion states the amounts outstanding as of the Petition Date: $1,849,769.46 under the SRRAF note; $780,377.67 under 5500 Rowlett note 1; and $1,658,569.08 under 5500 Rowlett note 2.

9. The approximately 7.289-acre tract at 5500 Rowlett Road was acquired on December 20, 2021. The approximately 13.3136-acre tract was subsequently conveyed to 5500 Rowlett LLC by the deed recorded as Dallas County Instrument No. 202200125265. Additional parcels located at 3801, 3709, and 4115 Big A Road were assembled as part of the overall development site, and affiliated debtor SRRAF LLC owns an additional approximately 12.627 acres.

10. The Debtors' Schedules list the value of the real property as unknown because, at the time the Schedules were prepared, the Debtors had not completed a valuation they were prepared to swear to. That does not mean the property has no value or that the Debtors have no equity in it. It means only that a figure had not yet been fixed.

11. In my opinion, as Manager of each Debtor, the present fair market value of each tract —$2M for 13.31 acre, $700k for 7.289 acres, $2M for SRRAF. We are very close to finding a new buyer who will pay off all creditors. These are my good-faith estimates of present market value and are not represented to be formal appraisal opinions.

12. Based on my knowledge of the property and of land values in Rowlett and Richardson, the value of the property securing Bank OZK's liens exceeds the amounts Bank OZK claims are owed to it, and the Debtors have equity in that property.

13. Bank OZK has not told me, and does not state in its Motion, what it contends the property is worth. I am not aware of any appraisal of the property obtained by Bank OZK.

14. The property is undeveloped and partially developed land. It is not being used up, worn out, or removed. Nothing about the Debtors' possession of the land is reducing its value.

**<u>The Property Is Necessary to an Effective Reorganization</u>**

15. The property securing Bank OZK's liens is all that these Debtors own. If the automatic stay is lifted and that property is foreclosed, the Debtors will have nothing left to reorganize and these cases will end.

16. The Debtors intend to file a plan of reorganization providing for the development, marketing, and sale of the property, with the net proceeds of each closing applied to the secured claims against the property sold, in order of lien priority.

17. Debtors expect development and sale to take around 3 months, and the money to complete it will come from Bank refinancing/sale proceeds.

18. These cases are jointly administered with the case of 108 Gilbert Villas LLC, an affiliated residential development entity. The three companies are part of a single development enterprise, and a plan for that enterprise is being developed.

19. A foreclosure would not produce more for creditors than an orderly sale. Land sold at a foreclosure sale to cash bidders does not bring what it brings in a negotiated sale to a developer or homebuilder. The equity that exists today would be lost.

**<u>The Circumstances of the Filing</u>**

20. These cases were not filed to delay, hinder, or defraud Bank OZK or any other creditor.

21. Before filing these cases, the Debtors attempted to protect the properties and satisfy the Bank OZK obligations by pursuing refinancing, communicating with prospective lenders and investors, and negotiating potential sales or capital transactions involving the

properties. Although the Debtors identified interested parties, they were unable to complete a refinancing or sale before Bank OZK could exercise its foreclosure remedies. A foreclosure would have separated or liquidated the properties under distressed-sale conditions and would not have allowed sufficient time to obtain the value available through an orderly, negotiated transaction.

22. Bank OZK is not the only creditor of these estates. K.S.S.A. Properties Series LLC, Asturant Circle, LLC, and the City of Rowlett hold liens against 5500 Rowlett's property, and Dallas County, Garland Independent School District, and Irving Independent School District hold or assert claims for ad valorem taxes. Each of the Debtors' secured creditors is disclosed on Schedule D. A foreclosure by Bank OZK would resolve nothing for any of them.

23. Neither 5500 Rowlett LLC nor SRRAF LLC has ever filed a bankruptcy case before these cases. Neither has transferred any interest in the property to any other entity, and no interest in the property has been transferred to either Debtor in anticipation of a bankruptcy filing.

24. The liens Bank OZK complains of were granted openly and are disclosed on the Debtors' Schedule D, which I signed. Nothing about them was concealed from Bank OZK or from this Court.

25. The lien held by Dallas County arises from unpaid ad valorem taxes. SRRAF LLC did not grant that lien and took no action to create it. To my understanding, a tax lien attaches automatically under Texas law.

26. Since the Petition Date, the Debtors have filed their Schedules and Statements of Financial Affairs, appeared and testified at the meeting of creditors, filed monthly operating

reports for May and June 2026, obtained an order for joint administration, and obtained approval of the employment of counsel. The Debtors have granted no lien against the property since the Petition Date.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: **August 20, 2026**

*/s/ Md Tauhid Chaudhury*
**Md Tauhid Chaudhury**
Manager
5500 Rowlett LLC and SRRAF LLC