**DeMarco•Mitchell, PLLC**
Robert T. DeMarco
Michael S. Mitchell
1270 Coit Road, Suite 850
Dallas, TX 75251
**T** 972-991-5591
**F** 972-346-6791

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **IN RE:** | **Case No.: 26-42390** |
| **5500 Rowlett LLC, et al.,** | **Chapter: 11** **(Jointly Administered)** |
| **Debtors[1].** | |

**RESPONSE OF 108 GILBERT VILLAS LLC TO MOTION OF TOORAK CAPITAL PARTNERS FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§ 362(d)(1) AND 362(d)(2), AND REQUEST FOR WAIVER OF FED. R. BANKR. P. 4001(a)(4)**
**[RELATES TO DOCKET NO. 38 — LOAN ENDING IN 3924]**

**TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:**

**COMES NOW, 108 Gilbert Villas LLC**, one of the debtors and debtors in possession in the above-captioned jointly administered cases ("**Debtor**"), and files this *Response of 108 Gilbert Villas LLC to Motion of Toorak Capital Partners for Relief from the Automatic Stay Pursuant to 11 U.S.C. §§ 362(d)(1) and 362(d)(2), and Request for Waiver of Fed. R. Bankr. P. 4001(a)(4)* (the "**Response**") and would respectfully show the Court as follows:

1. Debtor asserts the bold-faced notice appearing at the beginning of the Motion is the negative notice language required by Local Bankruptcy Rule 4001-1(b), to which no response is required.

[1] The Debtors in these proceedings (including their respective taxpayer identification numbers) are: 5500 Rowlett LLC (87-4410152); SRRAF LLC (86-3021090); and 108 Gilbert Villas LLC (99-2090154). 5500 Rowlett LLC's address is 13151 Emily Road, Suite 200, Dallas, TX 75240; SRRAF LLC's address is 625 Sunningdale, Richardson, TX 75081; 108 Gilbert Villas LLC's address is 13151 Emily Road, Suite 200, Dallas, TX 75240. As regards 108 Gilbert Villas LLC, this includes the involuntary petition filed in the Northern District of Texas (Case No. 26-32911-SWE) and the voluntary petition filed in the Northern District of Texas, Fort Worth Division (Case No. 26-42901-MLM).

2. Debtor asserts the unnumbered introductory paragraph of the Motion is introductory in nature, to which no response is required.

3. Debtor asserts Paragraph 1 of the Motion sets forth legal conclusions regarding jurisdiction, venue, and the core nature of this proceeding, to which no response is required and, on that basis, denies the allegations contained therein. In further response, Debtor does not contest this Court's jurisdiction over this matter or the propriety of venue in this District.

4. Debtor admits the allegations contained in Paragraph 2 of the Motion.

5. Debtor lacks sufficient information to either admit or deny the allegations contained in Paragraph 3 of the Motion and, on that basis, denies the same.

6. Debtor admits the allegations contained in Paragraph 4 of the Motion. In further response, Debtor states that the Deed of Trust speaks for itself and denies any characterization of that instrument inconsistent with its terms.

7. Debtor admits the allegations contained in Paragraphs 5 through 7 of the Motion.

8. Debtor asserts Paragraph 8 of the Motion constitutes legal argument and a recitation of statutory authority to which no response is required and, on that basis, denies the allegations contained therein. Debtor specifically denies that cause exists to grant relief from the automatic stay under 11 U.S.C. § 362(d)(1).

9. Debtor denies the allegations contained in Paragraph 9 of the Motion. In further response, Debtor states that its Schedules speak for themselves and denies any characterization of the Schedules inconsistent with their terms. Debtor further states that it is a single-purpose real estate development entity whose assets consist of residential lots and homes held for

development and sale, and that the composition of its balance sheet is a function of the nature of that enterprise rather than evidence of an inability to reorganize.

10. Debtor denies the allegations contained in Paragraph 10 of the Motion. In further response, Debtor states that its Statement of Financial Affairs speaks for itself, and further states that a residential development entity realizes revenue upon the closing of lot and home sales rather than through recurring operating income.

11. Debtor admits that its principal assets consist of the residential development project described in the Motion. Debtor denies the remaining allegations contained in Paragraph 11 of the Motion, including the allegation that any reorganization effort depends upon speculative future sales.

12. Debtor admits that an involuntary petition was filed against it on July 1, 2026, that it filed its voluntary Chapter 11 petition on July 2, 2026, and that these cases are jointly administered. Debtor denies the remaining allegations contained in Paragraph 12 of the Motion, including the characterization of Debtor's operations and any suggestion that the timing or circumstances of the filing were improper.

13. Debtor admits that the Loan matured on August 1, 2025, that Debtor and Movant's predecessor entered into the Extension dated June 3, 2025, and that the Extension extended the maturity date of the Loan through February 1, 2026. Debtor states that the Extension speaks for itself and denies any characterization of that instrument inconsistent with its terms. Debtor denies the remaining allegations contained in Paragraph 13 of the Motion.

14. Debtor admits that the extended maturity date of February 1, 2026 has passed. Debtor lacks sufficient information to either admit or deny the payoff balance alleged and, on that basis, denies the same. Debtor denies the remaining allegations contained in Paragraph 14 of the Motion, including the allegation that Debtor has identified no source of funds with which to satisfy the indebtedness.

15. Debtor asserts Paragraph 15 of the Motion states a legal conclusion to which no response is required and, on that basis, denies the allegations contained therein. Debtor specifically denies that cause exists to terminate, annul, modify, or condition the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

16. Debtor admits that the original principal balance of the Loan was $1,820,000.00. Debtor lacks sufficient information to either admit or deny the payoff balance alleged and, on that basis, denies the same. Debtor denies the remaining allegations contained in Paragraph 16 of the Motion and specifically denies that it lacks equity in the Properties. In further response, Debtor states that the Motion pleads no value for the Properties whatsoever and proceeds instead on the express assumption that equity exists.

17. Debtor asserts Paragraph 17 of the Motion constitutes legal argument to which no response is required and, on that basis, denies the allegations contained therein. In further response, Debtor states that this case was commenced on July 2, 2026, that the exclusive period within which Debtor may file a plan under 11 U.S.C. § 1121(b) has not expired, and that the deadline for filing proofs of claim has not passed.

18. Debtor admits that the Properties consist of completed residential homes. Debtor denies the remaining allegations contained in Paragraph 18 of the Motion, including the allegations made upon information and belief concerning the Multiple Listing Service, and specifically denies that any reorganization rests upon speculation rather than evidence. In further response, Debtor states that completed, marketable residential homes are precisely the source of proceeds from which Movant's secured claim will be satisfied.

19. Debtor asserts Paragraph 19 of the Motion states a legal conclusion to which no response is required and, on that basis, denies the allegations contained therein. Debtor specifically denies that the Properties are not necessary to an effective reorganization.

20. Debtor asserts Paragraph 20 of the Motion states legal conclusions to which no response is required and, on that basis, denies the allegations contained therein. In further response, Debtor states that any recovery of attorney's fees, costs, and expenses is governed by 11 U.S.C. § 506(b), is available only to the extent Movant is oversecured, and remains subject to a determination of reasonableness by this Court through the claims-allowance process.

21. Debtor asserts the prayer for relief set forth in the Motion, including subparagraphs (a) through (e), constitutes a prayer for relief to which no response is required and, on that basis, denies the allegations contained therein. Debtor specifically opposes the requested waiver of the fourteen-day stay imposed by Fed. R. Bankr. P. 4001(a)(4).

**Movant Cannot Establish That Debtor Lacks Equity in the Properties**

22. Relief under 11 U.S.C. § 362(d)(2) requires both that the debtor lack equity in the property and that the property not be necessary to an effective reorganization. The elements are conjunctive. A failure of proof on either one defeats the requested relief.

23. Movant bears the burden of proof on the issue of Debtor's equity in the Properties. 11 U.S.C. § 362(g)(1); *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 375-76 (1988). Debtor bears no burden on that element.

24. Movant has not carried that burden and has not attempted to. The Motion pleads no value for the Properties at all — no appraisal, no broker opinion of value, no tax-roll figure, and no market data. Movant instead titles its own argument section "Even Assuming the Existence of Equity," conceding the point rather than proving it.

25. A movant that offers no evidence of value cannot establish that the debtor lacks equity. Because Movant cannot satisfy § 362(d)(2)(A), relief under § 362(d)(2) must be denied without regard to the second element.

**<u>The Properties Are Necessary to an Effective Reorganization</u>**

26. Debtor is a single-purpose real estate development entity. The Properties are among its principal assets. There is no reorganization of this Debtor that does not include the Properties; if the stay is lifted and the Properties are foreclosed, this case ends. That is the paradigm case of property necessary to an effective reorganization.

27. *Timbers* requires a reasonable possibility of a successful reorganization within a reasonable time. 484 U.S. at 376. What is reasonable is measured against the posture of the case. This case was commenced on July 2, 2026. The exclusive period within which Debtor may file a

plan under 11 U.S.C. § 1121(b) has not expired, the deadline for filing proofs of claim has not passed, and Debtor's application to employ counsel remains pending.

28. Debtor intends to file a plan within the exclusive period providing for the orderly development, marketing, and sale of the Properties, with the net proceeds of each closing applied to Movant's secured claim. Movant does not contend that this path is impossible. It contends that the path has not yet been documented in the first weeks of a Chapter 11 case. *Timbers* does not require a debtor to prove its plan before it is required to file one.

29. The Properties securing Movant's Loan are completed residential homes. They are finished, marketable, saleable assets. Movant's own Motion concedes as much. A debtor whose collateral consists of completed homes in a residential submarket has an identified and conventional source of repayment: it sells them. Movant's complaint that the homes are not presently listed on the Multiple Listing Service — pled upon information and belief and without supporting evidence — does not establish that they cannot be.

**<u>Movant Is Adequately Protected</u>**

30. Debtor does not offer periodic cash adequate protection payments in response to the Motion. Adequate protection under 11 U.S.C. § 361 is not synonymous with cash. Section 361 requires only that a secured creditor's interest in its collateral be protected against a decrease in value; it does not entitle an undersecured creditor to compensation for delay, and it does not entitle an oversecured creditor to payments it did not bargain for.

31. Movant is adequately protected by the value of the Properties. Debtor contends, and will establish at the hearing, that the fair market value of the Properties exceeds the indebtedness owed to Movant. An equity cushion is itself adequate protection.

32. Movant is further protected by the nature of its collateral. The Properties are real property. They are not equipment or inventory. They are not being used, consumed, depreciated, or removed from the estate. Movant's lien position is unimpaired, and Debtor has granted no lien against the Properties since the Petition Date.

33. To the extent the Court concludes that additional adequate protection is warranted, the appropriate remedy is to condition the stay on that protection after a hearing on its form and amount, not to terminate the stay and end the case.

**Reservation of Rights**

34. This Response is filed at the preliminary stage of this contested matter. Debtor requests that a final hearing be scheduled in accordance with 11 U.S.C. § 362(e), and reserves the right to present evidence of value, feasibility, and adequate protection at that hearing, to supplement this Response, and to assert any additional defenses that discovery may reveal.

35. Debtor further opposes the requested waiver of the fourteen-day stay imposed by Fed. R. Bankr. P. 4001(a)(4). Movant has articulated no emergency. The Properties are not perishable, are not depreciating, and are not going anywhere. If the Court were to grant relief, Debtor should retain the fourteen days the Rule affords.

**WHEREFORE**, Debtor respectfully requests that the Court deny the relief requested in the Motion, deny the requested waiver of the fourteen-day stay imposed by Fed. R. Bankr. P. 4001(a)

(4), set this contested matter for a final hearing under 11 U.S.C. § 362(e), and grant Debtor such other and further relief as this Court might deem just and proper.

Respectfully submitted,

Dated: **August 20, 2026**

*/s/ Robert T. DeMarco*

**DeMarco•Mitchell, PLLC**
Robert T. DeMarco, Texas Bar No. 24014543
**Email** robert@demarcomitchell.com
1270 Coit Road, Suite 850
Dallas, TX 75251
**T** 972-991-5591
**F** 972-346-6791
***Proposed*** **Proposed Counsel for 108 Gilbert Villas LLC, Debtor and Debtor in Possession**

**CERTIFICATE OF SERVICE**

The undersigned counsel herby certifies that true and correct copies of the foregoing pleading and all attachments were served upon all parties listed below in accordance with applicable rules of bankruptcy procedure on this **20th day of August 2026**. Where possible, service was made electronically via the Court's ECF noticing system or via facsimile transmission where a facsimile number is set forth below. Where such electronic service was not possible, service was made via regular first-class mail.

**DEBTORS**

5500 Rowlett LLC
13151 Emily Road, Suite 200
Dallas, TX 75240

SRRAF LLC
625 Sunningdale
Richardson, TX 75081

108 Gilbert Villas LLC
13151 Emily Road, Suite 200
Dallas, TX 75240

**TRUSTEES**

Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, TX 75202

**MOVANT**

Toorak Capital Partners
c/o Jessica A. Henry
Ghidotti | Berger LLP
16801 Addison Rd., Suite 350
Addison, TX 75001

*/s/ Robert T. DeMarco*

**DeMarco●Mitchell, PLLC**
Robert T. DeMarco, Texas Bar No. 24014543
**Email** robert@demarcomitchell.com
Michael S. Mitchell, Texas Bar No. 00788065
**Email** mike@demarcomitchell.com
1270 Coit Road, Suite 850
Dallas, TX 75251
**T** 972-991-5591
**F** 972-346-6791

**DeMarco•Mitchell, PLLC**
Robert T. DeMarco
Michael S. Mitchell
1270 Coit Road, Suite 850
Dallas, TX 75251
**T** 972-991-5591
**F** 972-346-6791

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **IN RE:** | **Case No.: 26-42390** |
| **5500 Rowlett LLC, et al.,** | **Chapter: 11**<br>**(Jointly Administered)** |
| **Debtors[1].** | |

**DECLARATION OF MD TAUHID CHAUDHURY ON BEHALF OF 108 GILBERT VILLAS LLC IN OPPOSITION TO THE MOTIONS OF TOORAK CAPITAL PARTNERS FOR RELIEF FROM THE AUTOMATIC STAY**
**[RELATES TO DOCKET NOS. 32, 34, 36, 38, 40 AND 42]**

**I, Md Tauhid Chaudhury,** declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Manager of 108 Gilbert Villas LLC, one of the debtors and debtors in possession in the above-captioned jointly administered cases (the "Debtor"). I am over the age of eighteen years, of sound mind, and fully competent to make this Declaration. I am authorized to make this Declaration on the Debtor's behalf.

2. The facts set forth in this Declaration are within my personal knowledge. I have that knowledge through my management of the Debtor and its business, my participation in the transactions described below, and my review of the Debtor's books, records, and bankruptcy filings. Each fact stated is true and correct.

[1] The Debtors in these proceedings (including their respective taxpayer identification numbers) are: 5500 Rowlett LLC (87-4410152); SRRAF LLC (86-3021090); and 108 Gilbert Villas LLC (99-2090154). 5500 Rowlett LLC's address is 13151 Emily Road, Suite 200, Dallas, TX 75240; SRRAF LLC's address is 625 Sunningdale, Richardson, TX 75081; 108 Gilbert Villas LLC's address is 13151 Emily Road, Suite 200, Dallas, TX 75240. As regards 108 Gilbert Villas LLC, this includes the involuntary petition filed in the Northern District of Texas (Case No. 26-32911-SWE) and the voluntary petition filed in the Northern District of Texas, Fort Worth Division (Case No. 26-42901-MLM).

3. I signed the Debtor's petition, Schedules, and Statement of Financial Affairs in this case, and I am familiar with their contents.

4. I make this Declaration in opposition to the six Motions for Relief from the Automatic Stay filed by Toorak Capital Partners ("Toorak") on August 6, 2026 at Docket Nos. 32, 34, 36, 38, 40, and 42 (collectively, the "Motions"), and in support of the Debtor's Responses to those Motions.

**Capacity and the Debtor's Business**

5. The Debtor is a Texas limited liability company. It is a single-purpose real estate development entity. Its business is the acquisition, development, construction, and sale of residential real property. It does not lease property, and it does not operate a business that generates recurring monthly income. It realizes revenue when a lot or a home closes.

6. The Debtor's principal assets are thirty-two residential properties located in Grand Prairie, Dallas County, Texas (the "Properties"). The Properties are part of a single, contiguous residential development.

7. The acquisition and development of the Properties was financed by six loans originally made by FTF Lending, LLC on April 25, 2024, each of which Toorak now holds. The six loans, and the Properties securing each of them, are the subject of the six Motions.

8. Fifteen of the Properties are completed residential homes. Seven of those homes are located at 3301 through 3313 Shivers Drive and secure the loan that is the subject of Docket No. 38. The remaining eight are located at 3315 through 3329 Shivers Drive and secure the loan

that is the subject of Docket No. 42. Toorak acknowledges in both of those Motions that these Properties “consist entirely of completed residential homes.”

9. The remaining seventeen Properties are platted residential lots. Four are located at 3322 through 3328 Dilworth Drive (Docket No. 32); four at 3314 through 3320 Dilworth Drive (Docket No. 34); four at 3303 through 3309 South Gilbert Road (Docket No. 36); and five at 3293 through 3301 South Gilbert Road (Docket No. 40). Each of these lots is platted and has been prepared for construction.

10. The Debtor acquired the Gilbert Villas properties from Aspen GV LLC on April 25, 2024, pursuant to a Purchase and Sale Agreement effective March 29, 2024. The original acquisition consisted of thirty-six buildable residential lots at $70,000 per lot, for an aggregate contractual purchase price of $2,520,000. The General Warranty Deed was recorded in Dallas County on May 1, 2024.

11. The current status of the fifteen completed homes — Completed in 2026 but some appliances are left to install. We have not gotten the CO yet. The builder has a lien.

**<u>The Value of the Properties</u>**

12. The Debtor’s Schedule A/B reflects that the Debtor’s real property has a value of $6,000,000.00. Toorak pleads that same figure in Paragraph 9 of each of the six Motions. That scheduled value reflects my judgment, as the Manager of the Debtor, of what the Properties are worth. It is based on what the Debtor paid to acquire the Properties, what the Debtor has invested in developing and building on them, the condition of the Properties as I know it firsthand, and my familiarity with sale prices for comparable lots and homes in this submarket.

13. The Motions state the amounts Toorak claims are owed under the six loans as of July 2026: $254,157.01 (Docket No. 32); $266,487.08 (Docket No. 34); $267,069.10 (Docket No. 36); $2,077,600.07 (Docket No. 38); $337,844.73 (Docket No. 40); and $2,384,081.12 (Docket No. 42). Those amounts total $5,587,239.11.

14. The value of the Properties therefore exceeds the total amount Toorak claims it is owed against them. The Debtor has equity in the Properties.

15. Four of the Motions rely on the Dallas County Appraisal District tax roll, which values each lot at $64,000.00. That figure does not reflect what these lots are worth. It is a mass appraisal prepared for property tax purposes. No appraiser has inspected these lots. The tax roll does not account for the fact that the lots are platted, served by utilities and streets, and ready for construction within an active subdivision, which is what makes a lot valuable to a homebuilder.

16. In my opinion the present fair market value of each group of lots are as follows: Around $50,000 per lot for the Dilworth Drive lots and around $60,000 per lot for the South Gilbert Road lots.

17. In my opinion the present fair market value of the fifteen completed homes on Shivers Drive is approximately $300,000 per home.

18. Neither Docket No. 38 nor Docket No. 42 states any value for the Properties securing those loans. I am not aware of any appraisal or other valuation of those Properties obtained by Toorak.

**<u>The Properties Are Necessary to an Effective Reorganization</u>**

19. The Properties are the Debtor's only material assets. The Debtor has no other business and no other source of value. If the automatic stay is lifted and the Properties are foreclosed, the Debtor will have nothing left to reorganize and this case will end.

20. The Debtor intends to file a plan of reorganization within the exclusive period provided by 11 U.S.C. § 1121(b). The plan will provide for the orderly completion, marketing, and sale of the Properties, and for the net proceeds of each closing to be applied to the secured claims against the Property sold, including Toorak's.

21. The Debtor expects it will take around 2 months to sell the completed homes, 6 months to complete construction on the lots, and 3 months to pay Toorak in full.

22. A foreclosure would not produce more for creditors than an orderly sale. It would produce less. Foreclosure sales of residential property in Dallas County are conducted on the courthouse steps to cash bidders, and homes and lots sold that way do not bring what they bring in a retail sale to a homebuyer or homebuilder. The equity that exists today would be lost, and it would be lost to the Debtor's other creditors, not to Toorak.

**Marketing and Sale of the Properties**

23. Toorak states in Docket Nos. 38 and 42, upon information and belief, that the Properties are not listed on the Multiple Listing Service and that the Debtor has identified no listing agreements, purchase contracts, letters of intent, broker engagements, or other marketing efforts. No one from Toorak has asked me about the Debtor's marketing efforts.

**The Circumstances of the Filing**

24. On July 1, 2026, Dazzling Residential Homes LLC, one of the Debtor's secured creditors, filed an involuntary Chapter 7 petition against the Debtor. The Debtor filed its voluntary Chapter 11 petition the following day, on July 2, 2026.

25. The Debtor filed its voluntary Chapter 11 case because a Chapter 11 reorganization, rather than a Chapter 7 liquidation, is the way to preserve the value of the Properties for all of the Debtor's creditors. The development is financed by several lenders holding liens against different Properties, and completing and selling the Properties in an orderly way is the only outcome in which every creditor is paid.

26. The Debtor did not file this case to delay Toorak or any other creditor. Since the Petition Date, the Debtor has filed its Schedules and Statement of Financial Affairs, sought joint administration with its affiliates, and applied to employ counsel. The Debtor has granted no lien against the Properties since the Petition Date.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: **August 20, 2026**

*/s/ Md Tauhid Chaudhury*
**Md Tauhid Chaudhury**
Manager
108 Gilbert Villas LLC