**Ghidotti | Berger LLP**
Jessica Henry, Esq. (SBN 24119431)
16801 Addison Rd Ste 350
Addison, TX 75001
Tel: (972) 893-3096
bknotifications@ghidottiberger.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re:<br>5500 Rowlett LLC, et al.,<br><br>Debtors, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 26-42390<br><br>CHAPTER 11<br><br>(JOINTLY ADMINISTERED) |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§ 362(d)(1) AND 362(d)(2), AND REQUEST FOR WAIVER OF FED. R. BANKR. P. 4001(a)(4)**

**NOTICE REGARDING REQUIRED ANSWER**

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT. ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT ROOM 204, U.S. COURTHOUSE, 501 W. TENTH STREET, FORT WORTH, TEXAS 76102 BEFORE CLOSE OF BUSINESS ON OCTOBER 5, 2026, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND**

**COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.**

**COMES NOW**, Toorak Capital Partners ("**Movant**"), submits its Motion for Relief pursuant to 11 U.S.C. §§ 362(d)(1) and (d)(2), and respectfully shows the Court as follows:

1. This Motion is brought pursuant to 11 U.S.C. § 362(d) and in accordance with Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (G), and (O). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## I. BACKGROUND, DEBT, AND COLLATERAL DESCRIPTION

2. On April 25, 2024, 108 Gilbert Villas LLC, a Texas limited liability company ("**Debtor**") executed and delivered to FTF Lending, LLC, a Delaware limited liability company ("**Lender**"), a Promissory Note[1] with an original principal balance of $1,820,000.00 (the "**Note**").

3. Movant is the current owner of the Note and is in possession of the original Note.

4. Concurrently therewith, and as security for the Note, Debtor executed and delivered to Lender a Deed of Trust, Assignment of Leases and Rents, Fixture Filing, and Security Agreement[2] ("**Deed of Trust**"), dated April 25, 2024, regarding the following properties ("**Properties**"):

- 3301 Shivers Drive, Grand Prairie, Texas 75050
- 3303 Shivers Drive, Grand Prairie, Texas 75050
- 3305 Shivers Drive, Grand Prairie, Texas 75050
- 3307 Shivers Drive, Grand Prairie, Texas 75050

[1] A true and correct copy of the Note is attached to the Affidavit as **Exhibit "A"** and is incorporated herein by reference for all purposes.
[2] A true and correct copy of the Deed of Trust is attached to the Affidavit as **Exhibit "B"** and is incorporated herein by reference for all purposes.

- 3309 Shivers Drive, Grand Prairie, Texas 75050
- 3311 Shivers Drive, Grand Prairie, Texas 75050
- 3313 Shivers Drive, Grand Prairie, Texas 75050

The Properties are legally described as:

TRACT 1
Being Lot 2, Block B in Gilbert Villas Addition, an Addition to the City of Grand Prairie, Dallas County, Texas, according to the Plat thereof recorded in CC# 202200165015, Map Records, Dallas County, Texas.

Address: 3301 Shivers Drive, Grand Prairie, Texas 75050
Parcel ID: 280700500B0020000

TRACT 2
Being Lot 3, Block B in Gilbert Villas Addition, an Addition to the City of Grand Prairie, Dallas County, Texas, according to the Plat thereof recorded in CC# 202200165015, Map Records, Dallas County, Texas.

Address: 3303 Shivers Drive Grand Prairie, Texas 75050
Parcel ID: 280700500B0030000

TRACT 3
Being Lot 4, Block B in Gilbert Villas Addition, an Addition to the City of Grand Prairie, Dallas County, Texas, according to the Plat thereof recorded in CC# 202200165015, Map Records, Dallas County, Texas.

Address: 3305 Shivers Drive, Grand Prairie, Texas 75050
Parcel ID: 280700500B0040000

TRACT 4
Being Lot 5, Block B in Gilbert Villas Addition, an Addition to the City of Grand Prairie, Dallas County, Texas, according to the Plat thereof recorded in CC# 202200165015, Map Records, Dallas County, Texas.

Address: 3307 Shivers Drive, Grand Prairie, Texas 75050
Parcel ID: 280700500B0050000

TRACT 5
Being Lot 6, Block B in Gilbert Villas Addition, an Addition to the City of Grand Prairie, Dallas County, Texas, according to the Plat thereof recorded in CC# 202200165015, Map Records, Dallas County, Texas.

Address: 3309 Shivers Drive, Grand Prairie, Texas 75050
Parcel ID: 280700500B0060000

TRACT 6
Being Lot 7, Block B in Gilbert Villas Addition, an Addition to the City of Grand Prairie, Dallas County, Texas, according to the Plat thereof recorded in CC# 202200165015, Map Records, Dallas County, Texas.

Address: 3311 Shivers Drive, Grand Prairie, Texas 75050
Parcel ID: 280700500B0070000

TRACT 7
Being Lot 8, Block B in Gilbert Villas Addition, an Addition to the City of Grand Prairie, Dallas County, Texas, according to the Plat thereof recorded in CC# 202200165015, Map Records, Dallas County, Texas.

Address: 3313 Shivers Drive, Grand Prairie, Texas 75050
Parcel ID: 280700500B0080000

5. On July 1, 2026, one of Debtor's secured creditors, Dazzling Residential Homes LLC, filed an involuntary Chapter 7 case against Debtor as Case No. 26-32911-elm7.

6. On July 2, 2026, Debtor filed the current Chapter 11 case.

7. On July 17, 2026, Debtor filed a motion seeking joint administration with affiliated debtors 5500 Rowlett LLC and SRRAF LLC. The Court subsequently entered an Order granting joint administration of the related bankruptcy cases.

## II. CAUSE EXISTS TO GRANT RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)

8. Section 362(d)(1) authorizes relief from the automatic stay "for cause, including the lack of adequate protection." Here, cause exists because: (a) the Loan matured prepetition; (b) Debtor is in payment default; and (c) Debtor has failed to demonstrate any ability to adequately protect Movant's interest in the collateral.

9. The Schedules reveal that Debtor possesses no cash, cash equivalents, accounts receivable, inventory, machinery, equipment, vehicles, office equipment, intangibles, or other personal property assets. Schedule A/B reflects that Debtor owns only real property valued at

$6,000,000.00 and reports total personal property assets of $0.00, including $0.00 in cash and cash equivalents.

10. Further, Debtor reported no revenue from operations for 2024, 2025, or the period from January 1, 2026, through the petition date of July 2, 2026. Debtor therefore has no demonstrated operating income from which it can service debt, provide adequate protection, pay administrative expenses, or fund a meaningful reorganization effort.

11. The schedules further establish that Debtor's sole material asset consists of the residential development project funded by Movant, which includes both completed homes and undeveloped lots.[3] Despite owning these properties, Debtor discloses no revenue and no evidence of pending sales contracts, financing commitments, or other sources of repayment. Any reorganization effort therefore depends upon speculative future sales and unidentified sources of repayment rather than existing cash flow, committed financing, or pending purchase contracts.

12. As discussed above, the bankruptcy filing occurred immediately after the involuntary Chapter 7 case was filed against Debtor on July 1, 2026. The voluntary Chapter 11 petition was filed the following day and is now jointly administered with two affiliated Chapter 11 debtors under common ownership. These circumstances further demonstrate the distressed nature of Debtor's operations and underscore the absence of a presently viable source of repayment.

13. In addition, the Loan matured on August 1, 2025. Prior to maturity, and in an effort to provide Debtor with an opportunity to satisfy its obligations, Secured Creditor entered into a

[3] Movant funded thirty-two properties for Debtor, which were divided into six loans. According to Debtor, the loan at issue contains seven completely built residential properties.

Note and Mortgage Extension Agreement[4] ("**Extension**") dated June 3, 2025, extending the maturity date of the Loan through February 1, 2026. The Extension further provided that the indebtedness would continue to accrue interest at the contractual rate of 11.74% per annum and that all outstanding principal, accrued interest, and other amounts due under the Loan Documents would become due and payable on the extended maturity date.

14. Debtor failed to satisfy the indebtedness by the extended maturity date of February 1, 2026. More than five months later, the Loan remains matured and in default, and the payoff balance has increased to no less than $2,077,600.07. Despite the passage of time, Debtor has identified no source of funds with which to satisfy the indebtedness.

15. Because the indebtedness matured, remained unsatisfied following the extension of maturity, and continues to accrue interest, fees, and costs, and because Debtor has no cash flow, no revenue, and no demonstrated ability to adequately protect Movant's collateral, cause exists under § 362(d)(1).

## III. EVEN ASSUMING THE EXISTENCE OF EQUITY, DEBTOR CANNOT ESTABLISH THAT THE PROPERTIES ARE NECESSARY TO AN EFFECTIVE REORGANIZATION PURSUANT TO 11 U.S.C. § 362(d)(2)

16. Relief is independently warranted under 11 U.S.C. § 362(d)(2). The original principal balance of the Loan was $1,820,000.00. As of July 2026, the payoff balance had increased to $2,077,600.07, and interest, fees, costs, and other charges continue to accrue. Debtor has produced no appraisal, valuation evidence, or other competent evidence establishing equity in

[4] A true and correct copy of the Extension is attached to the Affidavit as **Exhibit "C"** and is incorporated herein by reference for all purposes.

the Properties. Accordingly, even assuming the existence of some nominal equity, Debtor cannot establish that the Properties are necessary to an effective reorganization under § 362(d)(2)(B).

17. To satisfy § 362(d)(2)(B), Debtor must demonstrate "a reasonable possibility of a successful reorganization within a reasonable time." *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 376 (1988). Debtor cannot satisfy that burden. Debtor reports no cash, no accounts receivable, and no revenue for 2024, 2025, or 2026 through the petition date. Debtor has not filed a plan, disclosed committed financing, identified pending sales contracts, or otherwise demonstrated a reasonable prospect of a successful reorganization within a reasonable time. Any purported reorganization depends entirely upon speculative future sales and unidentified sources of repayment.

18. The Properties securing Movant's Loan consist entirely of completed residential homes. Nevertheless, Debtor reports no revenue from operations and has disclosed no source of funds with which to satisfy the indebtedness. Further, upon information and belief, the Properties are not currently listed on the Multiple Listing Service, the principal multiple-listing platform used to market residential real estate. Debtor has identified no listing agreements, pending purchase contracts, letters of intent, broker engagements, or other evidence demonstrating active efforts to market or sell the Properties. Accordingly, Debtor has offered no evidence demonstrating when, how, or whether the Properties will be sold or how any such sale would generate sufficient proceeds to support a Chapter 11 reorganization. Any purported reorganization therefore rests on speculation rather than evidence and cannot satisfy § 362(d)(2)(B).

19. Because Debtor cannot establish that the Properties are necessary to an effective reorganization and because the Loan remains matured and in default, relief from stay should be granted pursuant to §§ 362(d)(1) and 362(d)(2).

## IV. MOVANT IS ENTITLED TO RECOVER ITS ATTORNEY'S FEES AND COSTS

20. The Loan Documents provide for the recovery of attorney's fees, expenses, and costs incurred in enforcing Movant's rights and remedies. As a result of Debtor's default and the filing of this bankruptcy case, Movant has been required to retain counsel and incur attorney's fees and costs to protect its interests in the Properties and seek relief from the automatic stay. Therefore, Movant is entitled to recover such fees, costs, and expenses and requests that they be included as part of Movant's secured claim to the extent permitted by law.

**WHEREFORE, PREMISES CONSIDERED,** Movant respectfully requests that the Court enter an Order:

a. Granting Movant relief from the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1) and 362(d)(2);

b. Terminating, modifying, or conditioning the automatic stay to permit Movant to exercise all rights and remedies available under the Loan Documents and applicable nonbankruptcy law with respect to the Properties, including, without limitation, posting, noticing, foreclosure, sale, possession, and all acts necessary to enforce Movant's lien and security interests;

c. Waiving the fourteen-day stay imposed by Fed. R. Bankr. P. 4001(a)(4), such that the Order shall be effective immediately upon entry;

d. Allowing Movant to recover its reasonable attorney's fees, costs, expenses, and other amounts recoverable under the Loan Documents and applicable law, to the extent permitted; and

e. Granting Movant such other and further relief, at law or in equity, to which it may be justly entitled.

Dated: September 21, 2026

Respectfully submitted,

*/s/ Jessica A. Henry*
Jessica A. Henry, Esq. (SBN 24119431)
GHIDOTTI BERGER
16801 Addison Rd., Suite 350
Addison, Texas 75001
Ph: (305) 501-2808
Fax: (954) 780-5578
bknotifications@ghidottiberger.com
COUNSEL FOR MOVANT

CERTIFICATE OF SERVICE

I certify that on September 21, 2026, a true and correct copy of the above was served via electronic delivery listed on the Court's ECF noticing system or by regular first class mail to the parties listed below.

**Debtors:**

108 Gilbert Villas LLC
13151 Emily Road, Suite 200
Dallas, Texas 75240

5500 Rowlett LLC
13151 Emily Road, Suite 200
Dallas, Texas 75240

SRRAF LLC
625 Sunningdale
Richardson, Texas 75081

**U.S. Trustee:**
1100 Commerce Street, Room 976
Dallas, Texas 75202

*/s/ Jessica A. Henry*
Jessica A. Henry