DeMarco•Mitchell, PLLC
Robert T. DeMarco
Michael S. Mitchell
12770 Coit Road, Suite 850
Dallas, TX 75251
**T** 972-991-5591
**F** 972-346-6791

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **IN RE:** | **Case No.: 26-42390** |
| **5500 Rowlett LLC, et al.,** | **Chapter: 11**<br>**(Jointly Administered)** |
| **Debtors[1].** | |

**DECLARATION OF ROBERT T. DEMARCO IN SUPPORT OF DEBTOR SRRAF LLC'S EMERGENCY MOTION FOR EXPEDITED HEARING**

I, Robert T. DeMarco, hereby state that I am over eighteen (18) years of age, of sound mind, qualified and competent in all respects to make this Declaration, and do so of my own personal knowledge except where otherwise stated, and further state the following:

1. I am an attorney licensed to practice law in the State of Texas, a member of DeMarco•Mitchell, PLLC, and counsel of record for SRRAF LLC, Case No. 26-42391, one of the above-captioned jointly administered debtors and debtors in possession ("SRRAF").

2. I submit this declaration ("Declaration") in support of the Motion (defined infra), and in particular to set forth the facts and circumstances concerning the pending sale of SRRAF's property that warrant expedited consideration of the Expedited Motions (defined infra).

3. On May 31, 2026 (the "Petition Date"), 5500 Rowlett LLC ("5500 Rowlett") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§

[1] The Debtors in these proceedings (including their respective taxpayer identification numbers) are: 5500 Rowlett LLC (87-4410152); SRRAF LLC (86-3021090); and 108 Gilbert Villas LLC (99-2090154). 5500 Rowlett LLC's address is 13151 Emily Road, Suite 200, Dallas, TX 75240; SRRAF LLC's address is 625 Sunningdale, Richardson, TX 75081; 108 Gilbert Villas LLC's address is 13151 Emily Road, Suite 200, Dallas, TX 75240. As regards 108 Gilbert Villas LLC, this includes the involuntary petition filed in the Northern District of Texas (Case No. 26-32911-SWE) and the voluntary petition filed in the Northern District of Texas, Fort Worth Division (Case No. 26-42901-MLM).

101 – 1532 (the "Bankruptcy Code"), commencing Case No. 26-42390 (the "Lead Case"). On the same date, SRRAF filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing Case No. 26-42391 (the "SRRAF Case"). SRRAF continues to operate its business and manage its property as a debtor in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

4. The SRRAF Case is jointly administered with the Lead Case pursuant to the order entered June 3, 2026 [Docket No. 11] and the Order Directing Joint Administration of Cases entered July 24, 2026 [Docket No. 27] (together, the "Joint Administration Orders"), the latter of which also directed the joint administration of the case of 108 Gilbert Villas LLC ("Gilbert Villas" and, together with 5500 Rowlett and SRRAF, the "Debtors"). The Joint Administration Orders direct joint administration for procedural purposes only and do not substantively consolidate the respective estates. The Motion and the Expedited Motions are filed by, and seek relief solely with respect to, SRRAF and its estate.

5. Concurrently with this Declaration, SRRAF has filed the following motions (collectively, the "Expedited Motions"):

a. Debtor SRRAF LLC's Expedited Motion to Dismiss Chapter 11 Bankruptcy Case Without Prejudice [11 U.S.C. § 1112(b)] (the "Motion to Dismiss"); and

b. Debtor SRRAF LLC's Motion to Uncouple Its Chapter 11 Case from Joint Administration [Fed. R. Bankr. P. 1015] (the "Uncoupling Motion").

6. SRRAF has also filed Debtor SRRAF LLC's Emergency Motion for Expedited Hearing (the "Motion"), by which SRRAF requests that the Expedited Motions be set for hearing on an expedited basis.

7. Except as otherwise indicated, the statements set forth in this Declaration are based upon:

a. information supplied to me by SRRAF's management;

b. my review of SRRAF's voluntary petition, Schedules, and Statement of Financial Affairs filed in the SRRAF Case (the "Schedules"); and

c. my review of the pleadings and orders on file in the Debtors' jointly administered cases, including the Stay Motion (defined infra) and the Response of 5500 Rowlett LLC and SRRAF LLC to Motion of Bank OZK for Relief from the Automatic Stay [Docket No. 50] and the declaration of SRRAF's Manager filed in support thereof.

**The Property and the Pending Sale**

8. SRRAF is a single-purpose real estate entity that holds land for development and sale, and it designated itself a single asset real estate debtor, as defined in 11 U.S.C. § 101(51B), in its petition. SRRAF's principal asset is approximately 12.627 acres of real property located at 3318 W. Buckingham Road, Garland, Texas 75042, in Dallas County, Texas (the "Property"). SRRAF has no employees and does not operate a business that generates recurring monthly income.

9. SRRAF's Schedules identify two creditors holding liens against the Property: its primary secured lender, Bank OZK ("Bank OZK"), scheduled in the amount of $1,702,099.38, and Dallas County, which holds a first-priority lien for ad valorem taxes scheduled in the amount of $13,271.98. Bank OZK asserts that $1,849,769.46 was outstanding under its note with SRRAF as of the Petition Date, an amount SRRAF has disputed. SRRAF's Schedules list a single nonpriority

unsecured claim, in the amount of $10,000.00. The SRRAF Case was filed to address Bank OZK's claim.

10. On August 11, 2026, Bank OZK filed its Motion for Relief from the Automatic Stay [Docket No. 47] (the "Stay Motion"), seeking relief as to the Property and as to real property of 5500 Rowlett securing two additional notes. SRRAF and 5500 Rowlett opposed the Stay Motion [Docket No. 50]. Following a preliminary hearing on September 9, 2026, the Court continued the Stay Motion to a final hearing set for October 20, 2026 [Docket No. 67].

11. SRRAF has since entered into an agreement for the sale of the Property. Based upon information supplied to me by SRRAF's management, the parties anticipate that the sale will close on or before October 15, 2026.

12. The Property is substantially all of SRRAF's assets, and its sale will resolve the claim that precipitated the SRRAF Case. In light of the pending sale, the SRRAF Case is no longer necessary, and SRRAF is no longer in a position to benefit from the chapter 11 process. By the Motion to Dismiss, SRRAF seeks dismissal of the SRRAF Case without prejudice.

**<u>The Uncoupling Motion</u>**

13. Under the Joint Administration Orders, all pleadings, orders, papers, and documents in the Debtors' cases, other than proofs of claim, schedules and statements, and operating reports, are filed and docketed in the Lead Case. The Uncoupling Motion asks the Court to terminate the joint administration of the SRRAF Case so that any order dismissing the SRRAF Case may be entered and docketed in the SRRAF Case, without disturbing the docket, caption, or administration of the cases of 5500 Rowlett and Gilbert Villas, which will remain pending and jointly administered under the Lead Case.

**Need for Expedited Consideration**

14. Expedited consideration of the Expedited Motions is necessary. Measured from their filing on September 28, 2026, the twenty-one-day notice period applicable to a hearing on the dismissal of a chapter 11 case would not expire until October 19, 2026, after the anticipated closing of the sale of the Property on or before October 15, 2026. The final hearing on the Stay Motion is likewise set after that date, on October 20, 2026. Absent an expedited setting, the SRRAF Case would remain pending, and the Property would remain property of the SRRAF estate, when the sale is scheduled to close.

15. The Expedited Motions seek relief solely as to SRRAF and its estate. Neither the dismissal of the SRRAF Case nor the termination of its joint administration will alter the rights of any creditor of 5500 Rowlett or Gilbert Villas.

**Relief Requested**

16. For the reasons stated herein and in the Motion, SRRAF requests that the Expedited Motions be set for hearing on an expedited basis, at the Court's earliest available setting and in any event on or before Wednesday, October 14, 2026, and that the relief sought by the Motion be granted.

**Verification**

In accordance with the provisions of 28 U.S.C § 1746, I declare under penalty of perjury that the foregoing is true and correct.

**Dated: September 28, 2026**

*/s/ Robert T. DeMarco*
**Robert T. DeMarco**