**DeMarco•Mitchell, PLLC**
Robert T. DeMarco
Michael S. Mitchell
12770 Coit Road, Suite 850
Dallas, TX 75251
**T** 972-991-5591
**F** 972-346-6791

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **IN RE:**<br><br>**5500 Rowlett LLC, et al.,**<br><br>**Debtors[1].** | **Case No.: 26-42390**<br><br>**Chapter: 11**<br>**(Jointly Administered)** |

**RESPONSE OF 108 GILBERT VILLAS LLC TO MOTION OF TOORAK CAPITAL PARTNERS FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§ 362(d)(1) AND 362(d)(2), AND REQUEST FOR WAIVER OF FED. R. BANKR. P. 4001(a)(4)**
**[RELATES TO DOCKET NO. 75 — LOAN ENDING IN 3927]**

**TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:**

**COMES NOW, 108 Gilbert Villas LLC,** one of the debtors and debtors in possession in the above-captioned jointly administered cases ("**Debtor**"), and files this *Response of 108 Gilbert Villas LLC to Motion of Toorak Capital Partners for Relief from the Automatic Stay Pursuant to 11 U.S.C. §§ 362(d)(1) and 362(d)(2), and Request for Waiver of Fed. R. Bankr. P. 4001(a)(4)* (the "**Response**") to the motion filed at Docket No. 75 (the "**Motion**") by Toorak Capital Partners ("**Movant**"), and would respectfully show the Court as follows:

---

[1] The Debtors in these proceedings (including their respective taxpayer identification numbers) are: 5500 Rowlett LLC (87-4410152); SRRAF LLC (86-3021090); and 108 Gilbert Villas LLC (99-2090154). 5500 Rowlett LLC's address is 13151 Emily Road, Suite 200, Dallas, TX 75240; SRRAF LLC's address is 625 Sunningdale, Richardson, TX 75081; 108 Gilbert Villas LLC's address is 13151 Emily Road, Suite 200, Dallas, TX 75240. As regards 108 Gilbert Villas LLC, this includes the involuntary petition filed in the Northern District of Texas (Case No. 26-32911-SWE) and the voluntary petition filed in the Northern District of Texas, Fort Worth Division (Case No. 26-42901-MLM).

1. Debtor asserts the bold-faced notice appearing at the beginning of the Motion is the negative notice language required by Local Bankruptcy Rule 4001-1(b), to which no response is required.

2. Debtor asserts the unnumbered introductory paragraph of the Motion is introductory in nature, to which no response is required.

3. Debtor asserts Paragraph 1 of the Motion sets forth legal conclusions regarding jurisdiction, venue, and the core nature of this proceeding, to which no response is required and, on that basis, denies the allegations contained therein. In further response, Debtor does not contest this Court's jurisdiction over this matter or the propriety of venue in this District.

4. Debtor admits the allegations contained in Paragraph 2 of the Motion.

5. Debtor lacks sufficient information to either admit or deny the allegations contained in Paragraph 3 of the Motion and, on that basis, denies the same.

6. Debtor admits the allegations contained in Paragraph 4 of the Motion. In further response, Debtor states that the Deed of Trust speaks for itself and denies any characterization of that instrument inconsistent with its terms.

7. Debtor admits the allegations contained in Paragraphs 5 through 7 of the Motion.

8. Debtor asserts Paragraph 8 of the Motion constitutes legal argument and a recitation of statutory authority to which no response is required and, on that basis, denies the allegations contained therein. Debtor specifically denies that cause exists to grant relief from the automatic stay under 11 U.S.C. § 362(d)(1), and specifically denies that Movant's interest cannot be adequately protected. Debtor admits that the extended maturity date of the Loan passed

before the Petition Date but denies that the maturity of the Loan constitutes cause for relief from the automatic stay. Movant’s interest is adequately protected, as set forth below.

9. Debtor denies the allegations contained in Paragraph 9 of the Motion. In further response, Debtor states that its Schedules speak for themselves and denies any characterization of the Schedules inconsistent with their terms. Debtor further states that it is a single-purpose real estate development entity whose assets consist of residential lots and homes held for development and sale, and that the composition of its balance sheet is a function of the nature of that enterprise rather than evidence of an inability to reorganize.

10. Debtor denies the allegations contained in Paragraph 10 of the Motion. In further response, Debtor states that its Statement of Financial Affairs speaks for itself, and further states that a residential development entity realizes revenue upon the closing of lot and home sales rather than through recurring operating income.

11. Debtor admits that its principal assets consist of the residential development project described in the Motion and that the Properties securing the Loan are eight completed residential homes. Debtor denies the remaining allegations contained in Paragraph 11 of the Motion, including the allegation that any reorganization effort depends upon speculative future sales.

12. Debtor admits that an involuntary petition was filed against it on July 1, 2026, that it filed its voluntary Chapter 11 petition on July 2, 2026, and that these cases are jointly administered. Debtor denies the remaining allegations contained in Paragraph 12 of the Motion,

including the characterization of Debtor's operations and any suggestion that the timing or circumstances of the filing were improper.

13. Debtor admits that the Loan matured on August 1, 2025, that the parties entered into the Extension dated June 3, 2025, and that the Extension extended the maturity date of the Loan through February 1, 2026. Debtor states that the Extension speaks for itself and denies any characterization of that instrument inconsistent with its terms. Debtor denies the remaining allegations contained in Paragraph 13 of the Motion.

14. Debtor admits that the extended maturity date of February 1, 2026 passed before the Petition Date. Debtor lacks sufficient information to either admit or deny the payoff balance alleged and, on that basis, denies the same. Debtor denies the remaining allegations contained in Paragraph 14 of the Motion, including the allegation that Debtor has identified no source of funds with which to satisfy the indebtedness.

15. Debtor asserts Paragraph 15 of the Motion states a legal conclusion to which no response is required and, on that basis, denies the allegations contained therein. Debtor specifically denies that cause exists to terminate, annul, modify, or condition the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

16. Debtor admits that the original principal balance of the Loan was $2,080,000.00. Debtor lacks sufficient information to either admit or deny the payoff balance alleged and, on that basis, denies the same. Debtor denies the remaining allegations contained in Paragraph 16 of the Motion and specifically denies that it lacks equity in the Properties. In further response,

Debtor states that the Motion pleads no value for the Properties whatsoever and proceeds instead on the express assumption that equity exists.

17. Debtor asserts Paragraph 17 of the Motion constitutes legal argument to which no response is required and, on that basis, denies the allegations contained therein. In further response, Debtor states that this case was commenced on July 2, 2026, and that the exclusive period within which Debtor may file a plan under 11 U.S.C. § 1121(b) has not expired.

18. Debtor admits that the Properties consist of completed residential homes. Debtor denies the remaining allegations contained in Paragraph 18 of the Motion, including the allegations made upon information and belief concerning the Multiple Listing Service, and specifically denies that any reorganization rests upon speculation rather than evidence. In further response, Debtor states that completed residential homes are precisely the source of proceeds from which Movant's secured claim will be satisfied, and that Debtor is within thirty (30) days of having an executed contract for the sale of the Properties.

19. Debtor asserts Paragraph 19 of the Motion states a legal conclusion to which no response is required and, on that basis, denies the allegations contained therein. Debtor specifically denies that the Properties are not necessary to an effective reorganization.

20. Debtor asserts Paragraph 20 of the Motion states legal conclusions to which no response is required and, on that basis, denies the allegations contained therein. In further response, Debtor states that any recovery of attorney's fees, costs, and expenses is governed by 11 U.S.C. § 506(b), is available only to the extent Movant is oversecured, and remains subject to a determination of reasonableness by this Court through the claims-allowance process.

21. Debtor asserts the prayer for relief set forth in the Motion, including subparagraphs (a) through (e), constitutes a prayer for relief to which no response is required and, on that basis, denies the allegations contained therein. Debtor specifically opposes the requested waiver of the fourteen-day stay imposed by Fed. R. Bankr. P. 4001(a)(4).

**Movant Cannot Establish That Debtor Lacks Equity in the Properties**

22. Relief under 11 U.S.C. § 362(d)(2) requires both that the debtor lack equity in the property and that the property not be necessary to an effective reorganization. The elements are conjunctive. A failure of proof on either one defeats the requested relief.

23. Movant bears the burden of proof on the issue of Debtor's equity in the Properties. 11 U.S.C. § 362(g)(1); *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 375-76 (1988). Debtor bears no burden on that element.

24. Movant has not carried that burden and has not attempted to. The Motion pleads no value for the Properties at all: no appraisal, no broker opinion of value, no tax-roll figure, and no market data. Movant instead faults Debtor for having "produced no appraisal," Motion ¶ 16, which inverts the burden the Bankruptcy Code assigns, and titles its own argument section "Even Assuming the Existence of Equity," conceding the point rather than proving it.

25. A movant that offers no evidence of value cannot establish that the debtor lacks equity.

26. Debtor will present evidence of the fair market value of the Properties at the hearing on the Motion. Because Movant cannot establish on this record that Debtor lacks equity in the Properties, relief under § 362(d)(2) must be denied without regard to the second element.

**No Cause Exists Under 11 U.S.C. § 362(d)(1)**

27. The Motion identifies three grounds for cause: (a) that the Loan matured prepetition; (b) that Debtor is in payment default; and (c) that Debtor has failed to demonstrate an ability to adequately protect Movant's interest. Motion ¶ 8. None supports relief.

28. Debtor does not dispute that the Loan was extended to February 1, 2026 by the Extension dated June 3, 2025, and that the extended maturity date passed before the Petition Date. But a matured debt is not, by itself, cause to terminate the stay. The automatic stay applies to matured and unmatured obligations alike, and a debtor's inability to pay its debts as they come due is the ordinary reason a Chapter 11 case is filed. If maturity alone were cause, every secured creditor holding a matured note would be entitled to relief as a matter of course, and the protection afforded by 11 U.S.C. § 362(a) would mean little.

29. Section 362(d)(1) identifies the paradigm of cause as "the lack of adequate protection." The question, therefore, is whether Movant's interest in the Properties will be protected while Debtor proposes a plan. The default Movant identifies is the failure to pay the Loan at maturity. Debtor is within thirty (30) days of having an executed contract for the sale of the Properties, and Movant's interest is adequately protected for the short period required to bring that sale to closing, as set forth below.

30. Movant's claim is also unexplained. The Motion alleges a payoff of $2,384,081.12 on a Note with an original principal balance of $2,080,000.00, a difference of $304,081.12, without any itemization of principal, interest, default interest, fees, or charges. Debtor disputes the amount and reserves all rights with respect to Movant's claim.

31. Movant's evidence is also stale. The Affidavit in Support of the Motion was executed on August 6, 2026, more than six weeks before the Motion was filed on September 21, 2026, and it states the payoff balance only "as of July 2026." Movant offers no current evidence of the debt, of the value of the Properties, or of any change in circumstances since the Petition Date.

32. Finally, as shown below, Movant's interest in the Properties is adequately protected.

**The Properties Are Necessary to an Effective Reorganization**

33. Debtor is a single-purpose real estate development entity. The Properties are among its principal assets. There is no reorganization of this Debtor that does not include the Properties; if the stay is lifted and the Properties are foreclosed one loan at a time, the development is dismantled and the value of the whole is lost to every creditor. That is the paradigm case of property necessary to an effective reorganization.

34. *Timbers* requires a reasonable possibility of a successful reorganization within a reasonable time. 484 U.S. at 376. What is reasonable is measured against the posture of the case. This case was commenced on July 2, 2026, and the exclusive period within which Debtor may file a plan under 11 U.S.C. § 1121(b) has not expired.

35. Debtor intends to file a plan within the exclusive period providing for the orderly development, marketing, and sale of the Properties, with the net proceeds of each closing applied to Movant's secured claim. Movant does not contend that this path is impossible. It contends that the path has not yet been documented in the first months of a Chapter 11 case. *Timbers* does not require a debtor to prove its plan before it is required to file one.

36. Debtor's path to repayment is neither speculative nor distant. Debtor is within thirty (30) days of having an executed contract for the sale of the Properties. Upon execution, Debtor will promptly seek this Court's approval of the sale under 11 U.S.C. § 363, with Movant's lien to be paid at closing or to attach to the proceeds of sale. Terminating the stay on the eve of a contract would replace an orderly sale with a foreclosure and would serve no creditor, including Movant.

37. The Properties securing Movant's Loan are completed residential homes. They are finished, saleable assets, and Movant's own Motion concedes as much. A debtor whose collateral consists of completed homes in a residential submarket has an identified and conventional source of repayment: it sells them. Movant's complaint that the homes are not presently listed on the Multiple Listing Service, pled upon information and belief and without supporting evidence, does not establish that they cannot be.

**Movant Is Adequately Protected**

38. Adequate protection under 11 U.S.C. § 361 protects a secured creditor against a decrease in the value of its interest in the collateral during the stay. It does not require cash payments where, as here, the creditor's interest is not eroding.

39. Movant is protected by the nature of its collateral. The Properties are real property. They are not equipment or inventory, and they are not being consumed or removed from the estate. Movant's lien position is unimpaired, and Debtor has granted no lien against the Properties since the Petition Date.

40. Movant is further protected by the imminence of a sale. Debtor is within thirty (30) days of having an executed contract for the sale of the Properties, which will be presented

to this Court for approval. Movant's interest is therefore protected not by a promise of payment over time, but by a near-term sale from which Movant's lien will be satisfied or to whose proceeds it will attach.

41. To the extent the Court concludes that additional adequate protection is warranted, the appropriate remedy is to condition the stay, or to continue the hearing on the Motion to permit the sale contract to be executed and presented, not to terminate the stay on the eve of a sale.

**Reservation of Rights**

42. This Response is filed at the preliminary stage of this contested matter. To the extent the Court does not deny the Motion at the preliminary hearing, Debtor requests that a final hearing be scheduled in accordance with 11 U.S.C. § 362(e), and reserves the right to present evidence of value, feasibility, and adequate protection at that hearing, to supplement this Response, and to assert any additional defenses that discovery may reveal.

43. Debtor further opposes the requested waiver of the fourteen-day stay imposed by Fed. R. Bankr. P. 4001(a)(4). Movant has articulated no emergency. The Properties are not perishable and are not going anywhere, and Debtor is within thirty (30) days of an executed sale contract. If the Court were to grant relief, Debtor should retain the fourteen days the Rule affords.

**WHEREFORE**, Debtor respectfully requests that the Court (i) deny the relief requested in the Motion; (ii) in the alternative, continue the hearing on the Motion for a period sufficient to permit Debtor to execute a contract for the sale of the Properties and present that sale to the Court rather than terminate the automatic stay; (iii) deny the requested waiver of the fourteen-

day stay imposed by Fed. R. Bankr. P. 4001(a)(4); (iv) set this contested matter for a final hearing under 11 U.S.C. § 362(e) to the extent the Court does not deny the Motion at the preliminary hearing; and (v) grant Debtor such other and further relief as this Court might deem just and proper.

Respectfully submitted,

Dated: **October 6, 2026**

*/s/ Robert T. DeMarco*

**DeMarco•Mitchell, PLLC**
Robert T. DeMarco, Texas Bar No. 24014543
**Email** robert@demarcomitchell.com
12770 Coit Road, Suite 850
Dallas, TX 75251
**T** 972-991-5591
**F** 972-346-6791
***Proposed* Counsel for 108 Gilbert Villas LLC,**
**Debtor and Debtor in Possession**

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that true and correct copies of the foregoing pleading and all attachments were served upon all parties listed below in accordance with applicable rules of bankruptcy procedure on this **6th day of October 2026**. Where possible, service was made electronically via the Court's ECF noticing system or via facsimile transmission where a facsimile number is set forth below. Where such electronic service was not possible, service was made via regular first-class mail.

**DEBTORS**

5500 Rowlett LLC
13151 Emily Road, Suite 200
Dallas, TX 75240

SRRAF LLC
625 Sunningdale
Richardson, TX 75081

108 Gilbert Villas LLC
13151 Emily Road, Suite 200
Dallas, TX 75240

**TRUSTEES**

Office of the United States Trustee

1100 Commerce Street, Room 976
Dallas, TX 75202

**MOVANT**

Toorak Capital Partners
c/o Jessica A. Henry
Ghidotti | Berger LLP
16801 Addison Rd., Suite 350
Addison, TX 75001

*/s/ Robert T. DeMarco*

**DeMarco●Mitchell, PLLC**
Robert T. DeMarco, Texas Bar No. 24014543
**Email** robert@demarcomitchell.com
Michael S. Mitchell, Texas Bar No. 00788065
**Email** mike@demarcomitchell.com
12770 Coit Road, Suite 850
Dallas, TX 75251
**T** 972-991-5591
**F** 972-346-6791