**DeMarco•Mitchell, PLLC**
Robert T. DeMarco
Michael S. Mitchell
12770 Coit Road, Suite 850
Dallas, TX 75251
**T** 972-991-5591
**F** 972-346-6791

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **IN RE:**<br><br>**5500 Rowlett LLC, et al.,**<br><br>**Debtors[1].** | **Case No.: 26-42390**<br><br>**Chapter: 11**<br>**(Jointly Administered)** |

**DECLARATION OF MD TAUHID CHAUDHURY ON BEHALF OF 108 GILBERT VILLAS LLC IN OPPOSITION TO THE MOTIONS OF TOORAK CAPITAL PARTNERS FOR RELIEF FROM THE AUTOMATIC STAY**
**[RELATES TO DOCKET NOS. 75, 77, 80, 82, 84 AND 86]**

I, Md Tauhid Chaudhury, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Manager of 108 Gilbert Villas LLC, one of the debtors and debtors in possession in the above-captioned jointly administered cases (the "**Debtor**"). I am over the age of eighteen years, of sound mind, and fully competent to make this Declaration. I am authorized to make this Declaration on the Debtor's behalf.

2. The facts set forth in this Declaration are within my personal knowledge. I have that knowledge through my management of the Debtor and its business, my participation in the

[1] The Debtors in these proceedings (including their respective taxpayer identification numbers) are: 5500 Rowlett LLC (87-4410152); SRRAF LLC (86-3021090); and 108 Gilbert Villas LLC (99-2090154). 5500 Rowlett LLC's address is 13151 Emily Road, Suite 200, Dallas, TX 75240; SRRAF LLC's address is 625 Sunningdale, Richardson, TX 75081; 108 Gilbert Villas LLC's address is 13151 Emily Road, Suite 200, Dallas, TX 75240. As regards 108 Gilbert Villas LLC, this includes the involuntary petition filed in the Northern District of Texas (Case No. 26-32911-SWE) and the voluntary petition filed in the Northern District of Texas, Fort Worth Division (Case No. 26-42901-MLM).

transactions described below, and my review of the Debtor's books, records, and bankruptcy filings. If called as a witness, I could and would testify competently to each fact stated.

3. I signed the Debtor's petition, Schedules, and Statement of Financial Affairs in this case, and I am familiar with their contents.

4. I make this Declaration in opposition to the six Motions for Relief from the Automatic Stay filed by Toorak Capital Partners ("**Toorak**") on September 21, 2026 at Docket Nos. 75, 77, 80, 82, 84, and 86 (collectively, the "**Motions**"), and in support of the Debtor's Responses to those Motions.

**The Debtor's Business**

5. The Debtor is a Texas limited liability company. It is a single-purpose real estate development entity. Its business is the acquisition, development, construction, and sale of residential real property. It does not lease property, and it does not operate a business that generates recurring monthly income. It realizes revenue when a lot or a home closes.

6. The Debtor's principal assets are thirty-two residential properties located in the Gilbert Villas Addition in Grand Prairie, Dallas County, Texas (the "**Properties**"). The Properties are part of a single, contiguous residential development within a recorded subdivision.

7. The Debtor acquired the Gilbert Villas properties from Aspen GV LLC on April 25, 2024, pursuant to a Purchase and Sale Agreement effective March 29, 2024. The original acquisition consisted of thirty-six buildable residential lots at $70,000 per lot, for an aggregate contractual purchase price of $2,520,000. The General Warranty Deed was recorded in Dallas County on May 1, 2024.

**<u>The Toorak Loans and the Properties Securing Them</u>**

8. The acquisition and development of the Properties was financed by six loans originally made by FTF Lending, LLC on April 25, 2024, each of which Toorak now claims to hold (the "**<u>Loans</u>**"). Each Motion concerns one Loan and the Properties securing it.

9. Fifteen of the Properties are completed residential homes:

(a) eight homes at 3315 through 3329 Shivers Drive secure the Loan ending in 3927, which is the subject of Docket No. 75; and

(b) seven homes at 3301 through 3313 Shivers Drive secure the Loan ending in 3924, which is the subject of Docket No. 80.

10. The remaining seventeen Properties are platted residential lots:

(a) five lots at 3293 through 3301 South Gilbert Road secure the Loan ending in 3928 (Docket No. 77);

(b) four lots at 3303 through 3309 South Gilbert Road secure the Loan ending in 3990 (Docket No. 82);

(c) four lots at 3314 through 3320 Dilworth Drive secure the Loan ending in 3926 (Docket No. 84); and

(d) four lots at 3322 through 3328 Dilworth Drive secure the Loan ending in 3925 (Docket No. 86).

11. Each of the lots is platted within the recorded subdivision and has been prepared for construction.

12. The fifteen completed homes were completed in 2026.

**Maturity of the Loans**

13. The Loans originally matured on August 1, 2025. The Debtor and Toorak extended the maturity of each Loan by written Note and Mortgage Extension Agreement.

14. For the Loans ending in 3990, 3926, and 3925 (Docket Nos. 82, 84, and 86), the Debtor and Toorak entered into Note and Mortgage Extension Agreements dated January 27, 2026, extending maturity to August 1, 2026. The Debtor filed this case on July 2, 2026, before that date. Exhibit C to Toorak's affidavit at Docket No. 86 is the January 27, 2026 extension for the Dilworth Drive lots at 3322 through 3328, and it extends the maturity of that Loan to August 1, 2026.

15. For the Loans ending in 3927 and 3924 (Docket Nos. 75 and 80), the Debtor and Toorak entered into Note and Mortgage Extension Agreements dated June 3, 2025, and for the Loan ending in 3928 (Docket No. 77), an agreement dated September 25, 2025, each extending maturity to February 1, 2026.

16. Under each extension agreement, principal and accrued interest are due on the extended maturity date. I am not aware of any monthly installment that was due and unpaid on any Loan as of the Petition Date.

**The Value of the Properties**

17. The Debtor's Schedule A/B reflects that the Debtor's real property has a value of $6,000,000.00. Toorak pleads that same figure in Paragraph 9 of each of the Motions. That scheduled value reflects my judgment, as the Manager of the Debtor, of what the Properties are worth. It is based on what the Debtor paid to acquire the Properties, what the Debtor has

invested in developing and building on them, the condition of the Properties as I know it firsthand, and my familiarity with sale prices for comparable lots and homes in this submarket.

18. The Motions state the amounts Toorak claims are owed under the six Loans as of July 2026: $2,384,081.12 (Docket No. 75); $337,844.73 (Docket No. 77); $2,077,600.07 (Docket No. 80); $267,069.10 (Docket No. 82); $266,487.08 (Docket No. 84); and $254,157.01 (Docket No. 86). Those amounts total $5,587,239.11. Toorak's own affidavit at Docket No. 84 states the payoff on that Loan as $256,000.00, not $266,487.08. I do not agree that the amounts Toorak claims are correct. For the two home Loans, the claimed payoffs exceed the original principal amounts by $304,081.12 and $257,600.07, and Toorak has not provided the Debtor with an itemization of those amounts.

19. The value of the Properties exceeds the total amount Toorak claims it is owed against them. The Debtor has equity in the Properties.

20. Four of the Motions rely on the Dallas Central Appraisal District tax roll, which values each lot at $64,000.00. That figure does not reflect what these lots are worth. It is a mass appraisal prepared for property tax purposes. No appraiser has inspected these lots. The tax-roll printouts Toorak attached show that the appraisal district priced each lot at $80,000.00 and then reduced that price by twenty percent to arrive at $64,000.00. The tax roll does not account for the fact that the lots are platted and ready for construction within an active subdivision, which is what makes a lot valuable to a homebuilder.

21. In my opinion, the present fair market value of the Properties is as follows: the fifteen completed residential homes at 3301 through 3329 Shivers Drive have a present fair

market value of approximately $280,000 to $300,000 per home, for an aggregate value of approximately $4,200,000 to $4,500,000. The seventeen platted residential lots—five at 3293 through 3301 South Gilbert Road, four at 3303 through 3309 South Gilbert Road, four at 3314 through 3320 Dilworth Drive, and four at 3322 through 3328 Dilworth Drive—have a present fair market value of approximately $62,000 to $70,000 per lot, for an aggregate lot value of approximately $1,054,000 to $1,190,000. This opinion is based on my knowledge of the local market, comparable sales of similar homes and lots in the Grand Prairie and Dallas County submarket, the arm's-length Letter of Intent received from a prospective purchaser valuing all thirty-two Properties at $5,429,000, and my familiarity with sale prices for comparable lots and homes in this submarket.

22. Neither Docket No. 75 nor Docket No. 80 states any value for the completed homes securing those Loans. I am not aware of any appraisal or other valuation of the Properties obtained by Toorak.

**The Pending Sale of the Properties**

23. The Debtor is within thirty (30) days of having an executed contract for the sale of the Properties.

24. The Debtor, through its authorized assignee Dazzling Residential Homes LLC ("Dazzling"), has received a signed Letter of Intent from N2 Capital Venture LLC ("N2 Capital") dated September 10, 2026, for the purchase of all thirty-two Properties at an all-cash purchase price of $5,429,000. The Debtor and Dazzling have reached agreement in principle on the terms of a Purchase and Assignment Agreement, which the parties are in the process of finalizing, covering all thirty-two Properties (the fifteen completed homes on Shivers Drive and the

seventeen platted lots on South Gilbert Road and Dilworth Drive). The transaction will be structured as a double-close through Chicago Title, with a target closing date within thirty (30) days of entry of a Court order approving the sale. The remaining conditions before the contract is executed are: (1) entry of a § 363 sale order by this Court authorizing the sale free and clear of all liens, claims, and encumbrances; (2) issuance of certificates of occupancy for any completed homes that have not yet received them; and (3) delivery of a clean title commitment from Chicago Title.

25. When the contract is executed, the Debtor will promptly ask this Court to approve the sale under section 363 of the Bankruptcy Code. The Debtor intends that Toorak's liens be paid at closing from the sale proceeds, or attach to those proceeds, to the extent of Toorak's allowed secured claims. The Debtor disputes the total amount claimed by Toorak of $5,587,239.11 and will seek full itemization and, if necessary, judicial determination of the allowed amount of each secured claim. The Debtor expects that Toorak's allowed secured claims, properly calculated, will be within the net sale proceeds available at closing, and that Toorak will be paid in full at closing from the sale proceeds.

26. Toorak states in Docket Nos. 75 and 80, upon information and belief, that the completed homes are not listed on the Multiple Listing Service and that the Debtor has identified no listing agreements, purchase contracts, letters of intent, broker engagements, or other marketing efforts. That is not accurate. No one from Toorak has asked me about the Debtor's marketing efforts.

27. In addition to Toorak's liens, Dazzling Residential Homes LLC holds $669,500 in mechanic's and materialman's liens recorded against the Properties under Texas Property Code Chapter 53 for construction and improvement work performed on the Properties. Dazzling has agreed, as part of the pending sale transaction, to release all of its mechanic's liens at closing in exchange for an administrative expense carve-out under 11 U.S.C. § 503(b) in the amount of $375,000, to be paid from sale proceeds at closing. Dazzling's agreement to release its liens is contingent on this Court's entry of a § 363 sale order and is incorporated into the parties' agreement in principle. The existence and planned release of these liens will be fully disclosed in the § 363 sale motion and the proposed sale order.

**<u>The Properties Are Necessary to an Effective Reorganization</u>**

28. The Properties are the Debtor's only material assets. The Debtor has no other business and no other source of value. If the automatic stay is lifted and the Properties are foreclosed, the Debtor will have nothing left to reorganize and this case will end.

29. A foreclosure would not produce more for creditors than the pending sale. It would produce less. Foreclosure sales of residential property in Dallas County are conducted on the courthouse steps to cash bidders, and homes and lots sold that way do not bring what they bring in a negotiated sale. The equity that exists today would be lost, and it would be lost to the Debtor's other creditors.

30. The development is financed by several lenders holding liens against different Properties. Selling the Properties in an orderly way, under the supervision of this Court, is the outcome in which every creditor is paid.

**<u>Protection of Toorak's Interest</u>**

31. The Properties are real property. They are not being consumed, and nothing is being removed from them. The Debtor has granted no lien against the Properties since the Petition Date.

**<u>The Circumstances of the Filing</u>**

32. On July 1, 2026, Dazzling Residential Homes LLC, one of the Debtor's secured creditors, filed an involuntary Chapter 7 petition against the Debtor. The Debtor filed its voluntary Chapter 11 petition the following day, on July 2, 2026.

33. The Debtor filed its voluntary Chapter 11 case because a Chapter 11 reorganization, rather than a Chapter 7 liquidation, is the way to preserve the value of the Properties for all of the Debtor's creditors.

34. The Debtor did not file this case to delay Toorak or any other creditor. Since the Petition Date, the Debtor has filed its Schedules and Statement of Financial Affairs, sought joint administration with its affiliates, applied to employ counsel, and pursued the sale of the Properties described above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 20, 2026

*<u>/s/ Md Tauhid Chaudhury</u>*
Md Tauhid Chaudhury
Manager
108 Gilbert Villas LLC